PER CURIAM.
The appellants-defendants, William Bates Seidel and Glenn Terrel Treece, appeal judgments of adjudication of guilt of the crime of conspiracy to commit murder in the first degree. The cases have been consolidated for the purpose of review on appeal. We reverse.
On September 17, 1968, the defendants, William Bates Seidel, Glenn Terrel Treece and Joseph Raymond Dumond, were charged by information with the crime of conspiracy to commit murder in the first degree. The defendants entered a plea of not guilty and were tried in April 1969 before a jury, convicted, adjudged guilty, and sentenced to seven years imprisonment by the court. This appeal followed.
During trial neither of the defendants testified. The following testimony, over objections of defense counsel, was elicited from a state witness, one Sam Vetro, a police officer employed by the City of Fort Lauderdale, Florida:
“Q (By Mr. Lyons) You said you got a call from Joseph Raymond Du-mond?
“A Yes, sir.
“Q Tell us what he said.
“A He asked me to do him a favor.
“Q All right, tell us what conversation you had with him, sir.
“A He stated that his attorney wanted him to do — Well, he told the story in this way: That his attorney, who he mentioned as Bill, he mentioned Bill several times, and I says Bill who. So he said Bill Seidel had been going with a girl and they had broken up and that Bill was mad about it and wanted Du-mond — and he mentioned Treece — to knock this man off. And Dumond explained—
“MR. EMORY: There is no question in the record but that we have objected and have requested the jury that they be instructed that this statement—
“THE COURT: Your objection is noted.
“MR. ENGEL: Weli, we want to ask that the jury be instructed. to disregard this as it relates only to that of Joseph Dumond and not to Glenn Terrell Treece.
“THE COURT: Overruled.
“Q (By Mr. Lyons) Continue, sir.
“A He stated that this man lived somewhere out in Davie and he didn’t know the exact location but the house was supposed to have had a fence around it, was supposed to have a small bridge over a small canal leading into the house. He stated he was supposed to wait for this man, whose name was Bice and who was an airlines pilot, to come home, which would be approximately 10:00 p. m. to 1 :- 00 a. m., and he was supposed to conceal himself in the bushes under the bridge or around the bridge; and when this man came home, he had to open this gate to drive into his property, at which time, he was supposed to use a pick-axe handle or axe-handle and he was supposed to hit him in the back of the head and knock him out. And he explained he was supposed to do it in this method so that the man would not bleed and then he was *523 supposed to take him to another place, at which time, he was to he either buried or sunk in a canal.
“What he wanted me to do was to have somebody out there, arrange to have somebody out there to have him arrested on this property so, in this way, if he was arrested, he would not be obligated to his attorney to have to do this another time because he stated, he said I will do a lot of things but I won’t kill anybody.”
This testimony was later struck from the record by the court with an instruction from the court to the jury to disregard such testimony.
The defendants on appeal contend that the hereinabove alluded to testimony was a highly incriminating statement by the co-defendant Dumond to the police which implicated the defendants Seidel and Treece, and violated their rights of cross examination guaranteed by the sixth and fourteenth amendments of the United States Constitution despite cautionary instructions to the jury to disregard such evidence; that the statement was so prejudicial that no reasonable jury could possibly strike such testimony from their minds in accord with the court’s instruction.
In Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, the Supreme Court determined that where a confession of a co-defendant who refused to testify was admitted in evidence against the defendant at a joint trial, the defendant was denied his constitutional rights of confrontation even though the jury was instructed that the co-defendant’s confession inculpating the defendant had to be disregarded in determining the defendant’s guilt or innocence. The Supreme Court noted that it was likely that the jury would believe that the co-defendant made the confession and that it was true, not just the self-incriminating portions but those inculpating the defendant as well and that the confession added substantial, perhaps even critical weight to the prosecution’s case in a form not subject to cross-examination since the co-defendant did not take the stand. Also supporting the view that despite instructions to the jury to disregard the inculpating statements in determining the defendant’s guilt or innocence, the admission in evidence at a joint trial of co-defendant’s extra-judicial confession inculpating the defendant violates the defendant’s right of confrontation. Roberts v. Russell, 1968, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100; rehearing denied 393 U.S. 899, 89 S.Ct. 73, 21 L.Ed.2d 191.
We are of the opinion that despite the cautionary instructions to the jury, no reasonable jurymen could have possibly disregarded the damaging evidence of the statement of the co-defendant, Dumond, to the Detective Vetro. The trial court was in error by allowing in evidence the above alluded to statement, as a result of which the defendants, Seidel and Treece, were denied their federal constitutional rights of confrontation and are entitled to a new trial under the above cited authorities.
In making this determination we are not unaware nor have we overlooked the case of Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. The determination in Harrington fell upon the fact that the admission in evidence of the confession of a co-defendant who did not testify was harmless error and did not warrant a reversal of the accused’s conviction where the evidence supplied through the confession was merely cumulative and the other evidence of the accused’s guilt is overwhelming. The record in the instant case could not support a determination that the statement allowed into evidence was cumulative, nor does the record show other evidence that the defendants’ guilt is overwhelming.
Accordingly, the sentences of the defendants, William Bates Seidel and Glenn Ter-rel Treece, are vacated and set aside, the *524 judgments are reversed, and the cause is remanded for a new trial.
Reversed and remanded for new trial.
CROSS, C. J., McCAIN, J., and METZ-GER, JOSEPH P., Associate Judge, concur.