349 So.2d 1224 (1977)
Jerry Wayne RUSSELL and Sally Tucker Jolly, Appellants,
v.
STATE of Florida, Appellee.
No. 76-1446.
District Court of Appeal of Florida, Second District.
September 23, 1977.
*1225 Jack O. Johnson, Public Defender, Paul J. Martin, Asst. Public Defender, and Paul C. Helm, Legal Intern, Bartow, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellants, Jerry Wayne Russell and Sally Tucker Jolly, were charged by indictment with: Count I, first degree murder; Count II, robbery; and Count III, grand larceny. They were tried together and convicted by a jury on all three counts and sentenced to: Count I, life imprisonment with credit for time served; Count II, 15 years to run consecutively with Count I; and Count III, one year in county jail to run concurrent with any other sentences.
On this appeal appellant Russell raises the question of whether it was error for the trial judge to admit into evidence a confession by Mrs. Jolly which served to incriminate him, when Mrs. Jolly did not testify at trial. Both appellants raise the question of whether it was error for the trial judge to allow the indictment by which the appellants were charged to be amended to add appellants' names to the robbery and grand larceny counts. For the reasons set forth below, we find it necessary to reverse appellant Russell's conviction on all counts, to reverse appellant Jolly's conviction on the robbery and grand larceny counts, and to remand the cause for a new trial on those counts.
At trial, Russell's counsel objected to the admission of one sentence in a confession which Mrs. Jolly had made. The sentence was the only evidence which directly linked him with the robbery. The trial judge refused to delete the sentence, and the entire confession was read to the jury. Mrs. Jolly did not testify at any time during the proceedings.
The trial judge's refusal to delete the sentence was error because evidence of the confession of one co-defendant which incriminates a second co-defendant may not be admitted where the confessing co-defendant does not testify even if the court *1226 instructs the jury to disregard the confession in determining guilt or innocence of the second co-defendant. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Seidel v. State, 240 So.2d 521 (Fla.4th DCA 1970).
We cannot agree with appellee's argument that the appellant should not be able to suppress the harmful part of a confession and then allow the rest of it into evidence. Clearly, if a defendant is allowed to suppress an entire confession he should be able to suppress a portion of it. After all, the State need not introduce the confession if it finds that a deletion alters its meaning or usefulness.
The error committed by the trial court was prejudicial to the appellant Russell since the confession was the only direct evidence linking him to the robbery. Moreover, although the evidence of the confession was only damaging on the charge of robbery, since the trial court instructed the jury on felony murder, we must also reverse appellant Russell's conviction for murder.
Both appellants raise another point which requires the reversal of their convictions for robbery and grand larceny. The indictment under which appellants were charged consisted of three counts. Appellants' names were left out of the counts concerning robbery and grand larceny. In effect, then, they were not charged with either robbery or grand larceny and the Circuit Court had no in personam jurisdiction to try them for these crimes. Chow Bing Kew v. United States, 248 F.2d 466 (9th Cir.1957). The trial judge attempted to remedy this error at the beginning of appellants' trial by allowing the prosecutor to amend the indictment. This move was clearly improper and requires reversal since only a grand jury may handle the amendment of an indictment. Fla.R.Crim.P. 3.140(j); Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927).
Appellant Russell's judgments and sentences are reversed on all three counts and appellant Jolly's judgments and sentences are reversed on Counts II and III. The case is remanded to the Circuit Court for a new trial.
BOARDMAN, C.J., HOBSON and OTT, JJ., concur.