DOWNEY, Judge.
This case involves a garden variety purse snatching. Appellant and another juvenile were charged under the theft statute with snatching a victim’s purse containing property of a value in excess of $100.
It appears the victim and her husband were looking for a particular address in Broward County. Having no success, they pulled their car up to the curb and the victim rolled down her car window and asked directions from three boys standing beside the road. One of the boys responded with the directions and then grabbed the victim’s purse from her lap; all three then fled, knocking down another victim en route. Unfortunately for them, the latest victim recognized the boys and identified them for the police. Later, the police went to an apartment looking for the boys. At first they received no response but eventually the boys came out and were arrested. A search revealed that among them the boys possessed approximately the sum of money taken from the victim’s purse, and appellant possessed some of the victim’s jewelry.
Appellant was charged with grand theft and battery and was found guilty as charged after an adjudicatory hearing. On appeal it is contended that the trial court erred in not granting appellant’s motion for judgment of acquittal as to both counts charged.
Numerous purse snatching cases were cited by appellant to support his contention that an acquittal was indicated. Typically, those cases involve the defendant’s presence during a purse snatching by one of a group other than the defendant, after which the group flees. However, in the present case we have appellant’s presence, the victim’s purse snatched by one of the group, all of them fleeing, hiding out in an apartment, and some of the victim’s jewelry found on appellant’s person together with a sum of money he claims was his.
Since appellant must be convicted, if at all, as an aider and abettor, the State must prove appellant’s intent to participate in the commission of the crime, which in this case requires the adduction of circumstantial evidence. Under the facts of this case, whether the evidence excluded every reasonable hypothesis except that of guilt was a fact question that was resolved by the trier of fact. As the court said in Amato v. State, 296 So.2d 609 at 610 (Fla. 3d DCA 1974):
Bearing in mind that with circumstantial evidence, such as we have in the case at bar, the test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or the appellant [sic] court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude. Vick v. United States, 216 F.2d 228 (5th Cir. 1954). The jury is the pivotal point at which the evidence is aimed, not the courts.
See also: Richardson v. State, 335 So.2d 835 (Fla. 4th DCA 1976). We believe the record supports that finding.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
ANSTEAD and BERANEK, JJ., concur.