435 So.2d 304 (1983)
Kunta MUWWAKIL, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-685.
District Court of Appeal of Florida, Third District.
June 28, 1983.
Rehearing Denied August 15, 1983.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
Before HENDRY, BARKDULL and JORGENSON, JJ.
HENDRY, Judge.
Appellant was charged in a multi-count information with possession of cocaine and *305 heroin, possession of cocaine, marijuana and heroin with intent to sell, two counts of attempted first-degree murder, and display of a firearm during commission of a felony. He was convicted of possession of marijuana with intent to sell, trafficking in cocaine and possession of cocaine with intent to sell. He was sentenced to concurrent terms of five years for possession of marijuana with intent to sell, ten years for trafficking in cocaine, and five years for possession of cocaine with intent to sell. Appellant challenges the conviction of possession of marijuana with intent to sell and the imposition of sentences for both possession of cocaine and possession of cocaine with intent to sell. We affirm.
Appellant was arrested after a "shootout" with members of the Miami Police Department SWAT Team who had come to the apartment to execute a valid search warrant. Earlier in the evening, undercover police had purchased cocaine from appellant in that apartment in a controlled drug "buy". As appellant was being taken away, Detective Ray DeCerce, an undercover drug agent assigned to the Vice, Intelligence and Narcotics unit, noticed a bulge in appellant's sock. He reached into the sock and discovered over $1,000 in cash and a number of pink capsules containing white powder. Subsequent laboratory tests confirmed that the powder was cocaine. $800 of the cash was the same $800 which had been used to purchase cocaine earlier in the evening.
On searching the apartment, Detective DeCerce found an open package of white powder, a triple beam scale, several clear capsules filled with white powder, a cutting mirror, and some marijuana in plain view on the kitchen table. In a kitchen cabinet he found a bottle of pink capsules and some unfilled capsules. Cocaine in a small plastic bag was found on the floor in plain view between the living room and the bedroom. DeCerce found a flight bag in a closet in the bedroom where appellant was located when he was arrested. The flight bag contained approximately eight pounds of marijuana in plastic bags. Next to the flight bag was another bag with approximately 100 small manila envelopes of marijuana inside. The final laboratory report indicated that the total weight of the confiscated drugs was approximately ten pounds of marijuana and 29.2 grams of cocaine.
The case went to a jury trial. At the close of the state's case, the appellant moved for a judgment of acquittal as to the count of possession of marijuana with intent to sell, arguing that the state had failed to make the requisite showing of ownership of the apartment, control over the drugs, or knowledge of the marijuana in the closet. This motion was denied.
Appellant's first argument asserts that the trial court erred in denying the motion for judgment of acquittal because the state failed to prove that appellant had either actual or constructive possession of the marijuana. It is well established that in order to prove possession, the state must prove that the defendant had dominion and control over the contraband and that he had knowledge that illicit drugs were within his presence. If the defendant is the exclusive owner of the premises where the contraband is found, the ability to maintain control over the drugs will be inferred. However, where there is joint ownership or occupancy of the premises, ability to control will not be inferred but must be established by independent proof. Brown v. State, 428 So.2d 250 (Fla. 1983). The proof must not only be consistent with guilt, but also inconsistent with any reasonable hypothesis of innocence. Ferguson v. State, 417 So.2d 631 (Fla. 1982); Jaramillo v. State, 417 So.2d 257 (Fla. 1982); Kickasola v. State, 405 So.2d 200 (Fla. 3d DCA 1981). The test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude. Maisler v. State, 425 So.2d 107, 109 (Fla. 1st DCA 1982); Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974).
In the case sub judice, the facts given to the jury to consider were as follows. There was an earlier sale of cocaine *306 by the appellant in the same apartment that evening. There was a small amount of marijuana in plain view on the kitchen table. There was a picture of the appellant and an educational award with his name on it hanging on a wall in the living room. One of the co-defendants, Ms. Murray, filed a motion to dismiss which stated in several places that this was the appellant's apartment.[1] The marijuana was found in the closet of the bedroom where appellant was arrested. The marijuana was packaged for sale. The issue of constructive possession is a question of fact properly submitted to the jury for deliberation. Maisler v. State, supra. We find that the totality of the evidence presented was sufficient for the jury reasonably to infer that the appellant had a possessory interest in the property; that he had knowledge of the marijuana and had the ability to maintain control over it. Maisler v. State, supra; Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982); In Interest of G.B.S., 417 So.2d 1181 (Fla. 4th DCA 1982); Tsavaris v. State, 414 So.2d 1087 (Fla. 2d DCA 1982).
Appellant also challenges the imposition of sentences for both possession of cocaine with intent to sell and possession of cocaine. He argues that since possession is a lesser included offense of possession with intent to sell, the trial court erred in imposing sentences for both convictions.
A close examination of the record reveals that appellant was in essence charged under section 893.135(1)(b)2, Florida Statutes (1981), since both Count II of the information and that particular subsection list a specific amount of cocaine: 200 grams or more, but less than 400 grams.[2] The state spoke of this count of the information as being a trafficking charge. The trial court charged the jury with the standard instruction on trafficking. The jury verdict form reflected that the appellant was found guilty of trafficking.[3] Thus, it is clear that our analysis must focus on whether possession of cocaine with intent to sell is a lesser included offense of trafficking in cocaine. Since we find that it is, we reverse the conviction and imposition of a separate sentence for the possession of cocaine with intent to sell.
The recent Florida Supreme Court decision in Bell v. State, 437 So.2d 1057 (1983), controls the disposition of this case. In that case, Bell was convicted of trafficking in illegal drugs, sale of a controlled substance, and possession of a controlled substance and was sentenced for all three. The Fifth District Court of Appeal affirmed the separate convictions but vacated the separate sentences for sale and possession of illegal drugs because they were underlying elements of the offense of trafficking.
The Florida Supreme Court affirmed the District Court of Appeal as to the sentences but reversed the convictions for the possession and sale, finding that since those counts were lesser included offenses of trafficking, the double jeopardy clause of the fifth amendment, United States Constitution and article I, section 9 of the Florida Constitution, was violated by the convictions *307 for both a greater and a lesser included offense.
The Court went on to say that section 775.021(4), Florida Statutes, makes clear that the legislature does not intend separate convictions and punishments for two or more statutorily defined offenses when in fact only one crime has been committed. The Court stated:
The mere existence of two statutory offenses does not establish that the legislature intended each to be independently convictable and punishable when both are committed in a single course of conduct. In the present case, the legislature has codified the distinctly different statutory offenses of sale of illegal drugs and possession of illegal drugs. Also it has determined that another offense, trafficking in illegal drugs, is committed when either or both of the offenses of sale or possession of a certain amount of illegal drugs is effected. By including sale and possession of drugs within the trafficking statute, it is apparent that the legislature intended to facilitate trafficking prosecutions through the use of alternative methods of proof rather than attempting to provide for multiple convictions and punishments for criminal conduct which is basically unitary.
437 So.2d at 1060.
On the basis of the foregoing, we must reverse the appellant's conviction and sentence for the possession of cocaine with intent to sell. The conviction and sentence for trafficking in cocaine is affirmed.
Affirmed in part and reversed in part.
NOTES
[1] As a defense witness, however, Ms. Murray testified that the apartment in fact belonged to a third co-defendant, Loman Reed. Upon cross-examination by the state, Ms. Murray stated that she had lied in her motion to dismiss in order to get the charges against herself and Reed dismissed. She said that she did this because Reed had threatened to kill her. She insisted, however, that now she was telling the truth.
[2] This amount was later reduced to 28 grams or more but less than 200 grams, after the seized contraband was officially weighed by the Miami Police Department.
[3] The trial court failed, however, to impose the minimum mandatory three year sentence for trafficking. Without a transcript of the sentencing hearing, we are at a loss to explain why he did not do so. We note, however, that section 893.135(3) allows a trial court to reduce or suspend the minimum mandatory sentence if the defendant provides substantial assistance to the state attorney in identifying, arresting, or convicting accomplices, accessories, co-conspirators, etc.