PER CURIAM.
The appellant was charged in count one with possession of methaqualone with intent to sell, manufacture or deliver in violation of section 893.13(l)(a), Florida Statutes (1981), and in count two with trafficking in methaqualone in violation of section 893.-135(l)(e), Florida Statutes (1981). He was convicted by a jury on both counts and sentenced to three years’ imprisonment on the trafficking count and placed on probation for three years on the possession count.
It is appellant’s contention that the trial court erred in imposing a separate conviction and probationary term on the count for possession of methaqualone with intent to sell, manufacture or deliver, since that charge is a lesser included offense of the offense of trafficking in methaqualone for which he was also convicted and sentenced.
We find merit in appellant’s contention and reverse his conviction and the probationary term imposed as to count one for possession of methaqualone with intent to sell, manufacture or deliver. To allow the conviction and probationary term to stand on the lesser included offense would not comport with the double jeopardy clauses of both the United States and Florida Constitutions. Bell v. State, 437 So.2d 1057 (Fla.1983); Muwwakil v. State, 435 So.2d 304 (Fla. 3d DCA 1983), pet. for rev. denied, 444 So.2d 417 (Fla.1984).
The judgment and probationary term as to the possession count is reversed and the judgment and sentence as to the trafficking count is affirmed.
Affirmed in part and reversed in part.