576 So.2d 743 (1991)
James Francis DESMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00474.
District Court of Appeal of Florida, Second District.
February 8, 1991.
Rehearing Denied April 4, 1991.
Gregory N. Burns, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Desmond challenges his convictions for kidnapping, armed robbery, aggravated battery, and aggravated assault. We affirm.
In a two-count information dated April 20, 1989, Desmond and Adam Lee Mathis were charged with kidnapping and armed robbery. On June 21, 1989, the state filed an amended information consisting of eight counts. Only Mathis was named in this amended information. On July 7, 1989, the state filed a second amended information which duplicated the first amended information except that Desmond's name was added to the caption of the document. Only Mathis, and not Desmond, was named in the body of the information which set forth the charges. Not until after trial and conviction on six of the eight counts did Desmond move for discharge, contending that the court lacked personal jurisdiction over him because he was not named in the body of the charging document. The trial court entered an order denying the motion, from which order this appeal is taken.
Desmond relies on Russell v. State, 349 So.2d 1224 (Fla.2d DCA 1977), for support of his position that the trial court's lack of personal jurisdiction over him now requires his discharge. In Russell, the names of the defendants were omitted from two counts of a multi-count indictment. The omission was discovered prior to trial and the trial court permitted the prosecutor to amend the indictment to add the omitted names. In reversing, this court held that an indictment may only be amended by the grand jury and the purported amendment by the prosecutor was a nullity. Therefore, *744 the trial court failed to acquire in personam jurisdiction over the defendants as to those charges. This case, although facially similar, is distinguishable. Here, Desmond entered pleas of not guilty as to each count of the second amended information and waived his right "to object to any technical deficiencies in the Information"; moved for discharge under the speedy trial rule; proceeded to trial without objection; and sought and obtained a judgment of acquittal as to two of the charges at the close of the state's case. Only after conviction on the remaining charges did he assert a lack of in personam jurisdiction. We conclude that, under the totality of the facts here presented, Desmond submitted himself to the personal jurisdiction of the court and cannot now complain of a lack of jurisdiction over him. This is particularly true because he sought and received affirmative relief from the court in the form of the judgment of acquittal on two of the charges.
As our supreme court held in State v. King, 426 So.2d 12, 15 (Fla. 1982):
There is good reason for requiring defendants to register their objections with the trial court. A defendant should not be allowed to subject himself to a court's jurisdiction and defend his case in hope of an acquittal and then, if convicted, challenge the court's jurisdiction on the basis of a defect that could have been easily remedied if it had been brought to the court's attention earlier. Neither the common law nor our statutes favor allowing a defendant to use the resources of the court and then wait until the last minute to unravel the whole proceeding. Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927).
Desmond also asserted an error in sentencing which he now concedes. That point is therefore moot.
Affirmed.
SCHOONOVER, C.J., and PARKER, J., concur.