596 So.2d 156 (1992)
Marvin WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0514.
District Court of Appeal of Florida, Fourth District.
March 25, 1992.
*157 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We affirm appellant's conviction and sentence for possession of cocaine with intent to deliver.
As detectives approached a house they were about to search pursuant to a search warrant, they saw appellant standing outside the house holding a brown paper package. When the appellant saw the police, he ran into the house. The detectives lost sight of him for some two seconds as they ran into the house after him. The package was found by the door under a chair, with the appellant standing nearby. No one else in the house was close to it. No other brown package was found in the search. The package contained twenty cocaine rocks weighing 27.4 grams. There was unrebutted expert testimony that such an amount is inconsistent with personal use, and indicates an intent to sell.
The appellant asserts error as to the sufficiency of the evidence to support the verdict. He also attacks the reasonable doubt instruction, which was given as contained in the Florida Standard Jury Instructions, as depriving him of due process. Additionally, the appellant questions the validity of the trial court's determination that he was a violent habitual offender for the purposes of sentencing.
An inference of guilt is supported by this record as reasonably founded on the totality of the circumstances. United States v. Alvarez-Sanchez, 774 F.2d 1036 (11th Cir.1985); Interest of G.B.S., 417 So.2d 1181 (Fla. 4th DCA 1982); State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989); Muwwakil v. State, 435 So.2d 304 (Fla. 3d DCA 1983), petition for review denied, 444 So.2d 417 (Fla. 1984). See also State v. Law, 559 So.2d 187 (Fla. 1989). We have considered Wallace v. State, 553 So.2d 777 (Fla. 4th DCA 1989) and Brooks v. State, 501 So.2d 176 (Fla. 4th DCA 1987), but deem them inapposite, since the appellants in those cases were not, as here, seen while in physical possession of the contraband.
The evidence is also sufficient to support an inference of appellant's intent to sell or distribute. United States v. Robinson, 870 F.2d 612 (11th Cir.1989); McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989).
As to the reasonable doubt instruction, the trial court instructed the jury:

*158 The defendant is not required to prove anything. Whenever the words reasonable doubt are used you must consider: A reasonable doubt is not a possible doubt, a speculative, imaginary or forced doubt.
Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond a reasonable doubt and you must return a verdict of not guilty because the doubt is reasonable.
It is to the evidence introduced upon this trial, and to it alone, [that] you are to look for that proof. A reasonable doubt as to the guilt of the Defendant may arise from the evidence, conflict in the evidence or lack of evidence.
If you have a reasonable doubt concerning the material allegations contained within the Information then you must find the Defendant not guilty. If you have no reasonable doubt concerning the material allegations contained with the Information then you must find the Defendant guilty.
Appellant's allegations of error in giving the standard reasonable doubt instruction is principally founded on the United States Supreme Court's holding in Cage v. Louisiana, ___ U.S. ___, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), which found that a reasonable doubt instruction approved by the Louisiana Supreme Court was unconstitutional. That instruction was clearly subject to interpretation by a juror as authorizing conviction by a degree of proof below that mandated by due process. Id. 111 S.Ct. at 328, 330.
Nothing in the Cage opinion, however, causes us to question a reasonable juror's ability to properly interpret the Florida instruction as requiring that the jury find the defendant not guilty if there is a reasonable doubt as to guilt. Nor does Cage place in doubt the effort in the Florida instruction to assist a juror in evaluating the circumstances in which a doubt may not be reasonable. We also note that just prior to the U.S. Supreme Court opinion in Cage, Florida's reasonable doubt instruction was again examined and upheld by the Florida Supreme Court in Brown v. State, 565 So.2d 304 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990).
We find no error in the imposition of appellant's sentence. The finding that appellant is a violent habitual offender was sufficient. It is unnecessary, in crimes committed subsequent to the 1989 amendment to Florida Statutes 775.084, to also specifically find that the extended sentence is necessary to protect the public. Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 284 (Fla. 1991); Garvin v. State, 567 So.2d 556 (Fla. 3d DCA 1990). The trial court could validly base its conclusion on appellant's prior strong arm robbery conviction. §§ 775.084(1)(b)(1), (1)(c), Fla. Stat. (1989). We also find no error or abuse of discretion as to the extent of appellant's sentence. § 775.084(4)(b)(2), Fla. Stat. (1989).
GLICKSTEIN, C.J., and FARMER, J., concur.