758 So.2d 1246 (2000)
Jay R. FINE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3116.
District Court of Appeal of Florida, Fifth District.
May 26, 2000.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Jay R. Fine, was charged with, and convicted of, robbery and burglary. The evidence at trial was that on November 21, 1996, Fine pulled into the *1247 drive-thru at a McDonald's restaurant and, while the attention of the employee was momentarily diverted, he leaned through the take-out window and took money out of the cash drawer. The employee reached for the money but could not get a grip on it. In response to the prosecutor's inquiry as to whether she had been afraid, the employee's answer was: "Yes, kind of."
At trial, the defense moved for a judgment of acquittal on both counts. As to robbery, it was contended that the state did not prove force or fear; as to the burglary, it was argued that Fine had an absolute affirmative defense because the business was open to the public. The trial court denied both motions.
Fine's first point on appeal_that the premises involved were open to the public_is based upon the recent opinion of the Florida Supreme Court in Miller v. State, 733 So.2d 955 (Fla.1998). Miller and a confederate went into a grocery store that was open for business. After the man behind the counter was shot, Miller took the money from the cash register. The supreme court determined that Miller's conviction for burglary was improper because the store was open to the public at the time of the incident. The cash register was not separated from the rest of the store.
We believe that Miller is distinguishable from the facts in this case. Here the evidence established that even though the McDonald's drive-thru was open for business, the area designated to handle that business was not open to public access. The testimony of a state eye-witness was that Fine placed "both hands flat on the window sill, hoisted himself up and just kind of dove head first through the window, grabbed the cash, was back into the car, shut the door and pulled away." The area of the restaurant accessed by Fine was clearly restricted and not part of the premises open to the public, analogous to the closed storeroom in Dakes v. State, 545 So.2d 939 (Fla. 3d DCA 1989).
Fine's second issue on appeal concerns the denial of his motion for judgment of acquittal on the charge of robbery. Fine argues that there was insufficient evidence that, in the course of the taking of the money from McDonald's, there was "the use of force, violence, assault or putting in fear," as required by section 812.13(1), Florida Statutes (1995).[1] As to the element of fear, the state relies on the statement by the employee that she was "kind of" in fear. But the testimony does not establish that the circumstances surrounding the "robbery" were such that ordinarily would induce the fear of death or great bodily harm in the mind of a reasonable person. See Jones v. State, 652 So.2d 346 (Fla.), cert. denied, 516 U.S. 875, 116 S.Ct. 202, 133 L.Ed.2d 136 (1995); Brown v. State, 397 So.2d 1153 (Fla. 5th DCA 1981). The employee did not testify that Fine came toward her; rather the evidence is that while the employee's back was turned, Fine reached through the window into the cash register drawer. While Fine was taking the money, the employee, who was inside the building and in the company of fellow employees, unsuccessfully attempted to grab the money from him as he withdrew through the window.
As to the element of force, the employee testified she could not "get a grip on" the money. She did not testify that there was an actual touching of her person or that any physical force was exercised by Fine against her. In S.W. v. State, 513 So.2d 1088 (Fla. 3d DCA 1987), approved, Robinson v. State, 692 So.2d 883 (Fla.1997), the third district, in reversing a *1248 robbery conviction, quoted from LaFave and Scott in their standard work on criminal law:
The line between robbery and larceny from the person (between violence and lack of violence) is not always easy to draw. The "snatching" cases, for instance, have given rise to some dispute. The great weight of authority, however, supports the view that there is not sufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking. On the other hand, when the owner, aware of an impending snatching, resists or when, the thief's first attempt being ineffective to separate the owner from his property, a struggle for the property is necessary before the thief can get possession thereof, there is enough force to make the taking robbery. Taking the owner's property by stealthily picking his pocket is not taking by force and so is not robbery; but if the pickpocket or his confederate jostles the owner, or if the owner, catching the pickpocket in the act, struggles unsuccessfully to keep possession, the pickpocket's crime becomes robbery. To remove an article of value, attached to the owner's person or clothing, by a sudden snatching or by stealth is not robbery unless the article in question (e.g., an earring, pin or watch) is so attached to the person or his clothes as to require some force to effect its removal.
W. LaFave, A. Scott, Jr., Criminal Law § 8.11(d), at 781 (2d ed.1986) (footnotes omitted).
We conclude that no evidence was presented from which the jury could find the requisite fear or force necessary to establish a robbery. Therefore we agree with the appellant that the court erred in denying his motion for judgment of acquittal on the charge of robbery. We reduce that conviction to one for petit theft. See M.H. v. State, 614 So.2d 657 (Fla. 2d DCA 1993).[2]
Fine's fourth point is that he was sentenced as a violent career criminal (VCC) pursuant to an act (Chapter 95-182, Laws of Florida) which was declared unconstitutional in December, 1999, by the Florida Supreme Court on the basis that it embraced more than a single subject. See State v. Thompson, 750 So.2d 643 (Fla. 1999). This included the Gort Act creating violent career criminal sentencing. Fine's sentence was based upon a law that was unconstitutional as of November 21, 1996, the date his offense took place. See Salters v. State, 758 So.2d 667 (Fla.2000).
Accordingly, we affirm Fine's conviction of burglary, reverse his conviction for robbery, reduce that conviction to one for petit theft, and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
W. SHARP, and GRIFFIN, JJ., concur.
NOTES
[1] The statute provides:

[T]he taking of money of other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault or putting in fear....
[2] Our disposition of this point renders moot the appellant's third point.