782 So.2d 440 (2001)
Franciousha RIGELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-108.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
Rehearing Denied April 25, 2001.
Carey Haughwout, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
*441 WARNER, C.J.
Raising a myriad of issues on appeal, appellant challenges his conviction for strong arm robbery. We affirm on all issues and address in detail only one: whether a judgment of acquittal should have been granted where the only proof of force was the fact that a purse had been yanked from the victim's shoulder, causing her to feel sharp pain. We conclude that the victim's testimony was sufficient evidence that more force than was necessary was used to remove the property from the victim, and the court correctly denied the motion for judgment of acquittal.
On the day of the robbery, the victim and her husband were walking through a parking lot when the victim noticed a man ahead of them. After passing the man, the victim "felt two hands go on my shoulder baggo on my purse, wrench downwards, a sharp pain in my right shoulder. My shoulder sort of gave way, and I screamed that he has got my bag." The purse strap broke. Although she felt pain, she had no physical injuries. She attempted to chase the assailant but fell to the ground.
Appellant moved for judgment of acquittal on the robbery charge, asserting that there was insufficient evidence of the force necessary to prove robbery. The use or threat of force is an essential element of robbery. Section 812.13, Florida Statutes (1997), defines robbery as follows:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another ... when in the course of the taking there is the use of force, violence, assault, or putting in fear.

(Emphasis added). In Robinson v. State, 692 So.2d 883, 886 (Fla.1997), the supreme court explained that the key distinction in determining the level of force necessary to distinguish theft from robbery is whether more force than was necessary to remove the property from the victim was used, or force enough to overcome victim resistance. More recently, in Fine v. State, 758 So.2d 1246, 1248 (Fla. 5th DCA 2000), the fifth district quoted from LaFave and Scott's Criminal Law on the subject of force in a robbery:
The line between robbery and larceny from the person (between violence and lack of violence) is not always easy to draw. The "snatching" cases, for instance, have given rise to some dispute. The great weight of authority, however, supports the view that there is not sufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking. On the other hand, when the owner, aware of an impending snatching, resists or when, the thief's first attempt being ineffective to separate the owner from his property, a struggle for the property is necessary before the thief can get possession thereof, there is enough force to make the taking robbery. Taking the owner's property by stealthily picking his pocket is not taking by force and so is not robbery; but if the pickpocket or his confederate jostles the owner, or if the owner, catching the pickpocket in the act, struggles unsuccessfully to keep possession, the pickpocket's crime becomes robbery. To remove an article of value, attached to the owner's person or clothing, by a sudden snatching or by stealth is not robbery unless the article in question (e.g., an earring, pin or watch) is so attached to the person or his clothes as to require some force to effect its removal.

(Emphasis added). Our court has upheld a robbery conviction where a defendant took "the victim's purse with such force as to break the strap and bruise her shoulder...." *442 Reed v. State, 698 So.2d 1271, 1272 (Fla. 4th DCA 1997). From this, appellant maintains that there must be some outward manifestation of physical injury. We disagree.
In the instant case, the victim's testimony that her shoulder was "wrenched" down, that she felt sharp pain, and that the purse strap broke was sufficient evidence to overcome the motion for judgment of acquittal. This is akin to LaFave's example of the pickpocket who "jostles" the victim in the course of taking the wallet from the victim's pocket. We conclude that the trial court properly denied the motion.
As to the remaining points, we also affirm. The failure to name the defendant in the information was not fundamental error and was waived by appellant's failure to object. See Desmond v. State, 576 So.2d 743, 744 (Fla. 2d DCA 1991). With respect to the various identifications admitted by the trial court, we have reviewed the record and concluded that the trial court did not abuse its discretion in admitting them. On another issue, we have no trouble in concluding that the stop of the vehicle in which appellant was riding was based upon well-founded suspicion, given the closeness in description of the vehicle, including the license number, the short period of time which transpired from the time of the crime, and the direction of travel from the scene. See Hunter v. State, 660 So.2d 244, 249 (Fla. 1995), cert. denied, 516 U.S. 1128, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996). Further, reasonable suspicion blossomed into probable cause to arrest when the victim's purse was found during the stop. See Carroll v. State, 636 So.2d 1316, 1318 (Fla.1994); State v. Stevens, 354 So.2d 1244, 1248 (Fla. 4th DCA 1978). As to the prosecutor's closing argument, the objection to the statement was not preserved, and any impropriety in the statement does not constitute fundamental error. See, e.g., Bell v. State, 723 So.2d 896, 897 (Fla. 2d DCA 1998). Concerning the trial court's comments on the reasonable doubt standard, we have already approved part of the judge's instructions. See Woods v. State, 596 So.2d 156, 158 (Fla. 4th DCA 1992). As to the remaining reasonable doubt instruction, no objection was made at trial nor has a plausible case of error been made. Finally, appellant alleges that the state failed to prove venue. However, the transcript reveals that one of the investigating officers made specific reference to the place where the incident occurred and noted that it was in Broward County.
Affirmed.
TAYLOR, J., and LENDERMAN, JOHN C., Associate Judge, concur.