STONE, J.
Lester was convicted of the robbery of a purse. He contends that the purse was taken without a struggle or resistance and that it was, therefore, error to deny his motion for judgment of acquittal. We affirm.
The record reflects that the victim was walking on a downtown street when Lester appeared, walking towards her. When he was several feet away from her, he greeted her and suddenly started running towards her. Then, Lester hit the victim in the shoulder and grabbed her purse out of her hand. The victim demonstrated to the jury the manner and force with which Lester hit her. She testified that he ran into her “hard,” causing pain and bruising.
A prima facie case for robbery requires the state to prove that the accused took the victim’s property with the intent to permanently deprive her of the property and, in the course of the taking, the accused used force, violence, assault, or put the victim in fear. § 812.13(1), Fla. Stat. (2000).
Suggesting that the victim’s testimony was that the incident happened too quickly for her to resist, and that Lester grabbed the purse as “he ran by her,” he urges that the robbery was not proven because there was no evidence that the victim either resisted or surrendered her purse out of fear. Accordingly, Lester argues that on this evidence, this court must vacate his robbery conviction and sentence him to second-degree petit theft of $100 or less, a necessarily lesser-included offense of robbery. See Simmons v. State, 551 So.2d 607 (Fla. 5th DCA 1989).
We conclude, after viewing the evidence in the light most favorable to the state, that the victim’s testimony is sufficient to state a prima facie case on the element of force.
We have considered Robinson v. State, 692 So.2d 883, 886-87 (Fla.1997), relied on by Lester, where the supreme court stated:
*410 we find that in order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person. Rather, there must be resistance by the victim that is overcome by the physical force of the offender .... [citations omitted] The snatching or grabbing of property without such resistance by the victim amounts to theft rather than robbery.
See also Jones v. State, 652 So.2d 346, 349 (Fla.1995).
We do not read Robinson to require a showing of resistance by the victim, so long as the perpetrator used more force than would have been necessary to simply remove the property from the victim. The Robinson court noted its earlier opinion in McCloud v. State, 335 So.2d 257 (Fla.1976), where the victim held fast to her purse after the perpetrator grabbed it and let go only after she fell to the ground.
Here, the key component of force or violence is present. In Rigell v. State, 782 So.2d 440, 442 (Fla. 4th DCA 2001), this court determined that Rigell used sufficient force when taking the victim’s purse to support his conviction for robbery where he snatched the victim’s purse with such force that he wrenched her shoulder, caused the victim sharp pain, and broke the strap on the purse. Similarly, in Reed v. State, 698 So.2d 1271, 1272 (Fla. 4th DCA 1997), we upheld a robbery conviction where a defendant took “the victim’s purse with such force as to break the strap and bruise her shoulder.... ” Additionally, in Hayes v. State, 780 So.2d 918, 919 (Fla. 1st DCA 2001), the victim testified that the assailant bumped her from behind and probably would have caused her to fall to the ground but for the fact that she was in between rows of cars when the robbery occurred. This was deemed sufficient evidence of use of force to submit the robbery charge to the jury. Id. at 919.
We, accordingly, conclude that the robbery charge was properly submitted to the jury. As to all other issues raised, we find no reversible error. Therefore, the judgment and sentence are affirmed.
SHAHOOD, J., concurs.
HAZOURI, J., dissents with opinion.