PER CURIAM.
We reverse Appellant’s convictions for trafficking in methamphetamine and possession of paraphernalia. As for the trafficking conviction, the State failed to offer independent proof that Appellant, a joint occupant of the house in which the drugs were located, had knowledge of and ability to control the drugs. Brown v. State, 428 So.2d 250 (Fla.1983). No direct evidence was introduced to prove that Appellant had access to the locked safe in which the drugs were located or had knowledge of its contents. The circumstantial evidence offered was not inconsistent with Appellant’s reasonable hypothesis of innocence. Wagner v. State, 950 So.2d 511 (Fla. 2d DCA 2007); Muwwakil v. State, 435 So.2d 304 (Fla. 3d DCA 1983). As for the paraphernalia charge, the evidence was insufficient to show that either of these ordinary items had been used, or were intended for use, for illicit purposes.
REVERSED.
ORFINGER, MONACO and TORPY, JJ., concur.