WHATLEY, Judge.
In a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), Robert Battle, Jr., challenged the enhancement of his *312 sentence to life for attempted felony murder with a firearm pursuant to section 775.087(2)(a)(3), Florida Statutes (1999). Battle argued that the State’s information insufficiently alleged that he possessed and discharged a firearm, thereby causing death or great bodily harm to another person. As a result, Battle contended, the information failed to put him on notice that he could receive an enhanced sentence under section 775.087(2)(a)(3). The postcon-viction court summarily dismissed Battle’s rule 3.800(a) motion on the ground that it presented an issue not cognizable in a postconviction motion because it could have been raised on direct appeal.
It is true that a defendant may not collaterally attack his conviction based on a purported technical defect in the charging document that could have been corrected if a timely objection had been made. See Simon v. State, 997 So.2d 490, 491 (Fla. 4th DCA 2008). However, a claim that a sentence was illegally imposed because the information did not charge the defendant with an element required for his sentence is cognizable in a rule 3.800(a) motion. See State v. McBride, 848 So.2d 287, 293 (Fla.2003) (Pariente, J., concurring) (“[T]he very notion of rule 3.800(a) is that it allows the illegality of a sentence to be raised at any time after the judgment and sentence are final — even though the challenge to the sentence could have been raised on direct appeal.”); Leath v. State, 805 So.2d 956, 957 (Fla. 2d DCA 2001) (holding that a claim that the information did not charge the defendant with possession of a firearm is cognizable in a motion to correct illegal sentence); Judge v. State, 596 So.2d 73, 76-78 (Fla. 2d DCA 1991) (opinion on rehearing en banc) (discussing the differences between illegal sentences that may be corrected on direct appeal, under rule 3.850, and under rule 3.800).
We nevertheless affirm the postconviction court’s summary denial of Battle’s claim because the record reflects that the language of the information sufficiently alleged the elements of section 775.087(2)(a)(3).
Affirmed.
NORTHCUTT and WALLACE, JJ., Concur.