SILBERMAN,-Chief Judge.
The State seeks review of an order dismissing an aggravated child abuse charge based on the indictment’s failure to name Todd Allen Akers in that count. We conclude that, because Akers was the only defendant charged and his name was in the caption and introduction to the body of the indictment, this omission did not render the charge so vague that it would have misled Akers or affected the preparation of his defense. Thus, we reverse.
Florida Rule of Criminal Procedure 3.140 governs the State’s use of indictments and informations to charge defendants with crimes. The rule requires that the charging document “be a plain, concise, and definite written statement of the essential facts constituting the offense charged.” Fla. R.Crim. P. 3.140(b). Subsection (c)(1) requires the caption to name the court and the accused. Subsection (d)(2) similarly requires the body to name the accused.
Rule 3.140(o) provides that courts shall not dismiss counts of an indictment or information based on defects in the form of the document unless “the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.”
The caption of the indictment in this case complies with rule 3.140(c)(1) by naming the court and the accused, Akers. The body of the indictment reads as follows:
The Grand Jurors of the State of Florida, impaneled and sworn to inquire and true presentment make in and for the County of Collier upon their oath do present that Todd Akers, in the County of Collier and State of Florida, in the year of our Lord two thousand six, in the County and State aforesaid:
Count I
On or about May 05, 2006 in Collier County, Florida, Todd Akers did unlawfully from a premeditated design to effect the death of a human being, kill and murder [A.N.], a human being, by in *1261 flicting blunt force trauma which caused injuries to [A.N.] from which [A.N.] did die on May 07, 2006 contrary to Florida Statute 782.04(1), and against the peace and dignity of the State of Florida.
Count II
Between May 05, 2006 and May 07, 2006 in Collier County, Florida, did willfully torture or maliciously punish or unlawfully commit an aggravated battery upon a child, to wit: [A.N.], by actually and intentionally touching or striking said child against said child’s will, or by intentionally causing bodily harm to said child, and in committing the battery did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement to said child, contrary to Florida Statute 827.03(2), and against the peace and dignity of the State of Florida.
The trial court dismissed count II based on the omission of Akers’ name in the first sentence of that count. There is no allegation that the omission created a “substantial danger of a new prosecution for the same offense.” Fla. R.Crim. P. 3.140(o). The question for this court is whether this omission rendered the indictment “so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense.” Id. We answer this question in the negative.
The omission of Akers’ name in count II would not have misled Akers or affected his defense because he was named in the caption of the indictment and the introduction to the body of the indictment names Akers as being charged in the counts that follow. See Elkins v. Commonwealth, 244 Ky. 583, 51 S.W.2d 916, 917 (1932) (holding that the omission of both codefendants’ names in the body of an indictment containing a single charge was not fatally defective); Hill v. State, 523 P.2d 1114, 1116 (Okla.Crim.App.1974) (holding that an information that omitted the defendant’s name from the body but included it in the caption was facially sufficient).
The trial court’s reliance on Desmond v. State, 576 So.2d 743 (Fla. 2d DCA 1991), and Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977), disapproved of on other grounds, Tingley v. State, 549 So.2d 649 (Fla.l989),‘ is misplaced. It is true that this court determined that charging documents were facially deficient in Desmond and Russell based on the omission of the defendants’ names from the bodies of the documents. However, each case involved multiple defendants with multiple charges, and any omission could therefore have misled a defendant into thinking he or she was not charged with that particular crime. In Desmond, the indictment named both the defendant and the codefendant in the caption but only named the codefendant in both counts charged in the body. 576 So.2d at 743. In Russell, the information named both the defendant and the code-fendant in the caption but did not name either of them in two of the three counts charged in the body. 349 So.2d at 1226.
In this case, unlike Desmond and Russell, the indictment only named one defendant, Akers. Thus, the omission of Akers’ name in the second count would not have misled Akers to believe that the charge was for another defendant. And it would be unreasonable to assume that the indictment included a second count charging that somebody “did willfully torture or maliciously punish or unlawfully commit an aggravated battery upon a child” without intending that anyone, namely Akers, be charged with this crime.
Reversed and remanded.
VILLANTI and CRENSHAW, JJ„ Concur.