NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL LENARD REED,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )      Case No.  2D18-2005
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____   )

Opinion filed June 7, 2019.

Appeal pursuant to Fla. R. App. P.
9.140(b)(1)(D) from the Circuit Court for
Collier County; Christine H. Greider,
Judge.

Michael Lenard Reed, pro se.


MORRIS, Judge.

        Michael Lenard Reed appeals from the order summarily dismissing his

motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure

3.800(a).  In the motion, he alleged that his sentence was illegal because the trial court

lacked jurisdiction over him due to defects in the information, specifically the omission in

the body of the information of his name as the person who committed the crime as well

as the omission of the subsection of the statute that he was alleged to have violated.

We agree with the postconviction court that this is an issue that could have been raised

on direct appeal and thus is not cognizable in a rule 3.800(a) motion.[1]  We thus affirm the postconviction court's order.

However, in summarily denying Reed's motion, the postconviction court explained that "claim[s] of an alleged defective indictment must be raised on direct appeal and are barred in post-conviction [sic] proceedings."  We write to clarify that while that conclusion is correct as applied to the facts of this case, it is incorrect as a general statement of law.  Ordinarily, a party cannot collaterally attack his or her conviction or sentence based on an alleged technical defect in the information that could have been corrected if a timely objection had been made.  See Battle v. State, 72 So. 3d 311, 312 (Fla. 2d DCA 2011).  But "a claim that a sentence was illegally imposed because the information did not charge the defendant with an element required for his [or her] sentence is cognizable in a rule 3.800(a) motion."  Id.  Likewise, a defendant may attack his or her conviction where an indictment or information completely fails to allege "one or more of the essential elements of" a crime because that "is a defect that can be raised at any time—before trial, after trial, on appeal, or by habeas corpus." Figueroa v. State, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012) (quoting State v. Gray, 435 So. 2d 816, 818 (Fla. 1983)); Robinson v. State, 215 So. 3d 1262, 1273 (Fla. 1st DCA 2017) (same).  Thus, while the law will not afford relief to Reed under the facts of this

---

[1]Further, even if this claim was cognizable, we would decline to grant relief because Reed's name was listed in the caption as well as the introduction to the body of the information and he was the only listed defendant.  Thus, there was no danger of Reed being misled or of his defense being affected by the failure to include his name in the paragraphs detailing the charged crimes.  See State v. Akers, 104 So. 3d 1259, 1261 (Fla. 2d DCA 2013).  Similarly, because the information detailed the elements of the crime he was alleged to have committed, the omission of the specific subsection of the statute could not have misled him or affected his defense.

case, our ruling is not meant to foreclose parties from utilizing postconviction motions or petitions to challenge illegal convictions or sentences based on claims that have otherwise been deemed cognizable in such motions or petitions.

Affirmed.


CASANUEVA and SMITH, JJ., Concur.