545 So.2d 939 (1989)
Willie Earl DAKES, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2387.
District Court of Appeal of Florida, Third District.
June 6, 1989.
Rehearing Denied July 28, 1989.
*940 Bennett H. Brummer, Public Defender, and Joseph C. Brock, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
BASKIN, Judge.
Willie Earl Dakes entered the storeroom of a retail store during business hours and placed several hundred dollars worth of merchandise in a shopping bag. At the time Dakes entered the storeroom, the door leading to the room was unlocked; however, on the door were posted two signs: "authorized personnel only" and "associates only." Dakes was apprehended immediately upon leaving the store and was charged and convicted of burglary of an occupied structure in violation of section 810.02, Florida Statutes (1987), and petit theft. Dakes urges reversal of his burglary conviction because section 810.02(1) specifically exempts from its purview premises which are open to the public at the time the offense is committed. We hold that although the store itself was open to the public, the closed storeroom to which access was clearly restricted was not part of the premises open to the public, within the scope of section 810.02. See Downer v. State, 375 So.2d 840 (Fla. 1979). Thus, we affirm Dakes' conviction.
The record reflects that the storeroom which Dakes burglarized was unoccupied: the store detectives who observed Dakes take the merchandise were in an adjacent stockroom. When the trial court denied Dakes' motion for judgment of acquittal notwithstanding the jury verdict but corrected the judgment to reflect that the structure was unoccupied, it erroneously classified Dakes' crime as burglary of an unoccupied dwelling, a second degree felony. A retail store is not a dwelling. § 810.011(2), Fla. Stat. (1987). Section 810.02(3), Florida Statutes (1987), provides that burglary of an unoccupied structure which is not a dwelling is a felony of the third degree. Thus, Dakes' sentence was based on an incorrect scoresheet. We therefore remand to the trial court with directions to correct the scoresheet and to resentence Dakes.
Affirmed in part; reversed in part; remanded with directions.