737 So.2d 555 (1999)
Steve Lamont JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-165.
District Court of Appeal of Florida, First District.
May 5, 1999.
Rehearing Denied July 30, 1999.
*556 Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant raises three issues in the instant appeal. We affirm on all three issues raised, but we write to address only one.
Following trial by jury, appellant was convicted as charged of attempted armed robbery while wearing a mask, attempted second degree murder, and causing bodily injury during the commission of a felony, specifically burglary. Appellant contends that his conviction for causing bodily injury during the commission of a felony cannot stand because the state did not establish an essential element of this crime, i.e., commission of the felony of burglary as charged. The state is correct that this specific claim was not preserved for appeal, but as appellant points out, a conviction is fundamentally erroneous when the facts affirmatively proven by the state do not constitute the charged offense as a matter of law. See Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994); K.A.N. v. State, 582 So.2d 57, 59 (Fla. 1st DCA 1991) ("[A] conviction in the absence of a prima facie showing of the crime charged is fundamental error that may be addressed by the appellate court even though not urged below."). We therefore review the issue to determine whether fundamental error exists.
In the instant case, appellant argues that under the burglary statute, entry into premises open to the public is excluded from the definition of burglary. See § 810.02(1), Florida Statutes (1995). He thus claims that because the convenience store was open to the public when he entered, the state failed to establish that a burglary occurred. As the facts of this case demonstrate, however, appellant's claim fails.
In need of bail money for his girlfriend, appellant and his co-defendant, with masked faces and guns drawn, entered a convenience store that was open for business. While holding a gun on Mr. Goswami, one of the store owners, appellant followed him behind the check-out counter where the cash register was located, heedless of the other store owner's command that appellant was not permitted in that area. After appellant entered the prohibited area, he turned and fired twice at Mrs. Goswami, wounding her hand. Mr. Goswami immediately began to struggle with appellant's co-felon, and when appellant began striking her husband, Mrs. Goswami fought with appellant. During the fray, Mrs. Goswami obtained the gun she and her husband kept in their shop. Having armed herself, she held the gun on appellant, told the two perpetrators to leave her husband alone, and shot appellant's cohort.
We recognize that the supreme court has recently held that "if a defendant can establish that the premises were open to the public, then this is a complete defense" to a burglary charge. Miller v. State, 24 Fla. L. Weekly S155, 733 So.2d 955 (Fla.1998). It is undisputed that in the instant case the store was open to the public when appellant entered. The area behind the cash-register counter was not, *557 however, an area open to the public. This point was clearly made to appellant by an owner of the store before appellant forced the other owner to the cash register at gunpoint and followed him into the prohibited area. We thus affirm appellant's conviction for causing bodily injury during the commission of a burglary. See Dakes v. State, 545 So.2d 939, 940 (Fla. 3d DCA 1989)("We hold that although the store itself was open to the public, the closed storeroom to which access was clearly restricted was not part of the premises open to the public, within the scope of section 810.02."); Florida Standard Jury Instructions in Criminal Cases, Burglary § 810.02 (July 1997).
JOANOS, MINER and DAVIS, JJ., CONCUR.