786 So.2d 1162 (2001)
Steve Lamont JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96234.
Supreme Court of Florida.
March 29, 2001.
Rehearing Denied May 30, 2001.
Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and L. Michael Billmeier and Trisha E. Meggs, Assistant Attorneys General, Tallahassee, FL, for Respondent.
HARDING, J.
We have for review Johnson v. State, 737 So.2d 555 (Fla. 1st DCA 1999), which is in apparent conflict with the opinions in State v. Laster, 735 So.2d 481 (Fla.1999); State v. Butler, 735 So.2d 481 (Fla.1999); and Miller v. State, 733 So.2d 955 (Fla. 1999). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve the result reached by the First District Court of Appeal in Johnson.
Following a trial by jury, Johnson was convicted of attempted armed robbery while wearing a mask, attempted second-degree murder, and causing bodily injury during the commission of a felony, specifically burglary. The facts of the case are as follows:
In need of bail money for his girlfriend, appellant and his co-defendant, with masked faces and guns drawn, entered a convenience store that was open for business. While holding a gun on Mr. Goswami, one of the store owners, appellant followed him behind the checkout counter where the cash register was located, heedless of the other store owner's command that appellant was not permitted in that area. After appellant entered the prohibited area, he turned and fired twice at Mrs. Goswami, wounding her hand. Mr. Goswami immediately began to struggle with appellant's co-felon, and when appellant began striking her husband, Mrs. Goswami fought with appellant. During the fray, *1163 Mrs. Goswami obtained the gun she and her husband kept in their shop. Having armed herself, she held the gun on appellant, told the two perpetrators to leave her husband alone, and shot appellant's cohort.
Johnson, 737 So.2d at 556. Johnson argues that his conviction for causing bodily injury during the commission of a felony cannot stand because the State did not establish an essential element of this crime, i.e., burglary. Johnson asserts that because the convenience store was open to the public when he entered, his conduct in this case is excluded from the burglary statute.
Section 810.02(1), Florida Statutes (1995), defines burglary:
"Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
In Miller v. State, 733 So.2d 955 (Fla. 1998), this Court addressed another case involving an alleged burglary of an "open to the public" structure. The State's argument in Miller was geared towards showing that Miller did not have consent to enter the grocery store to commit a crime, as evidenced by the prosecutor's closing arguments to the jury:
As to burglary, the state must show that the defendant entered or remained in a structure owned or in the possession of James Jung, the store. Did not have the permission or consent of James Jung or anyone else to authorized to allow him to come in there.
Now its an open store, yes, at first, but you heard Mr. Bledsoe ask Mr. Jung did you give them or anyone permission to come in your store, pull guns on you and your security guard, shoot you both and take your money and take his gun?
Well, no, of course not, so at the time they committed the crime Willie Miller was remaining in a structure and did not have the permission or consent of Mr. Jung and at the time of entering or remaining in the structure the defendant, Willie Miller, had a fully formed conscious intent to, commit an offense therein.
(Record at 1094). This Court rejected the State's theory and held that "if a defendant can establish that the premises were open to the public, then this is a complete defense" to a burglary charge. 733 So.2d at 957. However, it was never argued in Miller that although the store was open to the public, the area behind the counter was not open to the public. Hence, the Miller opinion did not address the question of whether the area behind the counter could be "closed" to the public.
Shortly thereafter, this Court issued decisions in State v. Butler, 735 So.2d 481, 482 (Fla.1999), and State v. Laster, 735 So.2d 481, 481 (Fla.1999), wherein we stated, "We do not find any merit to the State's argument in this case that the area behind the counter was not open to the public." This Court treated Butler and Laster as being controlled by our decision in Miller. We determined that both cases were resolved by our holding in Miller that if a defendant can establish that the premises were open to the public, then this is a complete defense to the charge of burglary. But contrary to Johnson's argument, the opinions in Butler and Laster were not intended to foreclose the State from proving to a jury that an area behind a counter was not open to the public.
In Dakes v. State, 545 So.2d 939 (Fla. 3d DCA 1989), the district court was faced with a similar question-whether entry into a storeroom of an open retail store *1164 amounted to burglary. The district court concluded that "although the store itself was open to the public, the closed storeroom to which access was clearly restricted was not part of the premises open to the public." Id. at 940. Subsequent to the Dakes decision, this Court adopted the following amendment to the burglary jury instruction:
A person may be guilty of this offense if he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public.
Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 90 (Fla.1997). In a comment to the amendment, the Supreme Court Committee on Standard Jury Instructions (Criminal) cited to Dakes and stated the following:
The committee believes that the additional language is necessary in certain factual situations. See Dakes v. State, 545 So.2d 939 (Fla. 3d DCA 1989).
Id. at 90-91.
We conclude that the question of whether the area behind the counter was open to the public is a question of fact for the jury to decide. The standard jury instruction properly instructs the jury on how to make this determination. Accordingly, we approve the result of the First District Court of Appeal in this case.
It is so ordered.
WELLS, C.J., and SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., recused.