SHAHOOD, J.
Appellant, Mark Jason Erts, appeals from his judgment of conviction following a plea of guilty to the charges of count I, attempted first degree murder; count II, petty theft (a lesser included offense); count III, burglary of a structure while armed; count IV, burglary of a structure; count V, grand theft-motor vehicle; count VI, felony fleeing or eluding; count VII, driving while license suspended; and count VIII, willful, wanton reckless driving. Appellant raises three issues on appeal: (1) that the trial court erred in relying on his lack of remorse in sentencing him to the statutory máximums; (2) that the court erred in sentencing him without conducting an adequate inquiry into the factual basis for the plea and his possible defenses before accepting the plea; and (3) that the Criminal Punishment Code is unconstitutional. We hold these issues to be without merit and affirm appellant’s conviction and sentence.
Prior to his plea of guilty in this case, appellant completed and executed a written plea of guilty form. Count II was reduced to petty theft. Contained in the form was the acknowledgment that appellant was entering an “open plea to the court.” Appellant acknowledged that he was subject to the Criminal Punishment Code and that the trial judge had complete discretion to sentence him to any sentence computed under the Code. Appellant also acknowledged the maximum possible penalties he could receive for each count. Most importantly, paragraph 14 of the form stated that appellant agrees “that there is a factual basis for the charges against me. I understand that once the plea is accepted by the Court, there will not be a trial or further determination of my guilt or innocence of these charges.”
At the change of plea hearing, appellant acknowledged that he read the plea form and discussed the agreement with his attorney. Appellant acknowledged that he was entering an open plea to the court and that his sentence would be up to the court. The state then recited a factual basis for the plea:
Mr. Erts and Melissa Camp, uh, had had a relationship prior to October 4 of 1999. Mr. Erts had gone to jail. During that time, the relationship was terminated by Mrs. Camp ... Mr. Erts was unhappy with that and wanted to continue the relationship. In any case, on October 4, 1999, uh, the Defendant went to the Speedway Convenience Mart where Mrs. Camp worked. Uh, he walked in the door, picked up a beer, put it on the counter, went behind a counter in an area that’s not open to the public. The store is, but the area behind ... the counter, and I think there is a door there that keeps the public from going into that area, he went back into that area, picked up a knife and began slashing, uh, Miss Camp, slashed her severely. Made statements to her, uh, as he was slashing her that he wanted to kill her. Uh, kept saying, how could you do this to me? Uh, I’m going to kill you bitch. Uh, if this damn knife wasn’t so dull, I’d be able to do this right, as he’s cutting her throat ...
Defense counsel stated that appellant was not objecting to the facts establishing attempted first degree murder, burglary of a structure and petty theft. The state informed the court that they had the store’s surveillance videotape of appellant. The state explained that the burglary with an assault was the result of appellant’s entry into an area of the store not open to the public where he then inflicted injuries upon the victim. The state went on to recite its factual bases for the remaining counts. Thereafter, the court found a factual basis for each of the offenses and that *532 appellant freely and voluntarily entered pleas of guilty to the offenses.
At the sentencing hearing, defense counsel stated that there was no legal reason why sentence could not be imposed. At the hearing, a guidelines scoresheet was presented reflecting that appellant scored 130.5 months as the lowest permissible prison sentence and life as the maximum sentence.
Appellant was sentenced to life in prison on counts I and III (attempted first degree murder and burglary of a structure while armed); fifteen years on count VT (felony fleeing and eluding); five years in prison on counts IV and V (burglary of a structure and grand theft); and time served on counts II, VII and VIII (petty theft, driving while license suspended and willful and wanton reckless driving).
After filing his notice of appeal, appellant filed two motions to correct sentencing errors pursuant to rule 3.800(b)(2), challenging the constitutionality of the Criminal Punishment Code and claiming that there was an insufficient factual basis to support the charge of burglary of a structure while armed (count III). He requested that the judgment of conviction and sentence in count III be set aside in order for the court to conduct further inquiry into the factual basis and possible defenses to the offense. He claimed that under Miller v. State, 733 So.2d 955, 957 (Fla.1998), he had a complete defense to the charge of burglary, if he could establish that the premises were open to the public. The court denied both motions and held that under Johnson v. State, 737 So.2d 555 (Fla. 1st DCA), review granted, 744 So.2d 454 (Fla.1999), appellant could be convicted of burglary where the area behind the cash-register counter was not open to the public.
In his first issue on appeal, appellant claims that the trial court, in sentencing appellant to the statutory maximum on each offense, impermissibly relied on his lack of remorse as a reason for imposing such sentences. A review of the record reveals that the trial court did not indicate that lack of remorse was a consideration. Rather, the overwhelming evidence presented at the sentencing hearing, including the victim’s testimony, the videotape capturing the bloody assault upon the victim, and appellant’s prior record, all supported the court’s decision to impose a maximum sentence.
In his second issue on appeal, appellant argues that the trial court erred in sentencing him on count III, burglary of a structure while armed, without conducting an adequate inquiry into the factual basis for the plea and into the specific defenses that the premises were open to the public or that he had consent to go behind the counter. Appellant claimed that these affirmative defenses offered him a complete defense to the charge of burglary.
This issue has not been preserved for appellate review. Prior to imposing sentence, the court inquired whether there was any legal reason why sentence should not be imposed to which defense counsel stated that there was none. Prior to sentencing, defense counsel informed the court that appellant was concerned that there were some inaccuracies when the state was reciting the factual basis for the plea, but that they were minor. At no time were these alleged defenses or inaccuracies brought to the court’s attention. Moreover, the trial court in its order denying appellant’s motion to vacate his judgment and conviction on count III, noted that the failure to raise these affirmative defenses was not the type of sentencing error contemplated in rule 3.800(b).
A defendant who has entered a plea may directly challenge the factual ba *533 sis for his plea only after preserving the issue by a motion to withdraw the plea, or challenge an alleged sentencing error only after preserving the issue in the lower tribunal. See Wilson v. State, 748 So.2d 343 (Fla. 4th DCA 1999); see also Jones v. State, 708 So.2d 337 (Fla. 4th DCA 1998)(where defendant pled guilty to crimes charged, issue of whether plea colloquy reflected that defendant had raised possibility of defenses to crimes charged was not properly preserved for appeal where no motion to withdraw plea was made). Because this issue is not the type of sentencing error contemplated by rule 3.800(b), we are precluded from considering it on direct appeal. See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.110, and 9.600, 761 So.2d 1015, 1016 (Fla.2000).
Even if preserved, we would affirm based on the the recent Florida Supreme Court decision of Johnson v. State, 786 So.2d 1162 (Fla.2001). In Johnson, 737 So.2d 555, 556-57 (Fla. 1st DCA 1999), the First District affirmed the appellant’s conviction for causing bodily injury during the commission of a felony, specifically burglary, holding that although the convenience store was generally open to the public, the area behind the cash register counter was not. The court held because appellant accessed the cash register from an area behind the counter after having been informed by the owner that he was not permitted there, he entered an area not open to the public. See id. at 557. In approving the First District’s result, the supreme court acknowledged its prior decision in Miller, where it held that if a defendant can establish that the premises were open to the public, it is a complete defense to a burglary charge. However, the court noted that in Miller, it was never argued that although the store was open to the public, the area behind the counter was not open to the public. Thus, that decision, did not address the question of whether the area behind the counter could be closed to the public.
The court held that Miller and the cases following Miller were not intended to foreclose the state from proving to a jury that an area behind a counter was not open to the public. 786 So.2d at 1163-64. The Johnson court concluded that the question of whether the area behind the counter was open to the public is a question of fact for the jury to decide and that the standard jury instruction properly instructed the jury on how to make this determination. See Johnson, 786 So.2d at 1164; see also Dakes v. State, 545 So.2d 939, 940 (Fla. 3d DCA 1989); Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 90 (Fla.1997).
In this case, the trial court did not err in finding a sufficient factual basis for each of the offenses charged and that the appellant freely and voluntarily entered pleas of guilty to each of the offenses. Consistent with Johnson, the trial court correctly held that appellant could be convicted of burglary where the area behind the counter was not open to the public.
Lastly, the third issue raised in this appeal challenging the constitutionality of the Criminal Punishment Code has been addressed and rejected by this court. See Peterson v. State, 775 So.2d 376 (Fla. 4th DCA 2000); Hall v. State, 767 So.2d 560 (Fla. 4th DCA 2000), review granted, No. SC00-2358, 790 So.2d 1104 (Fla. Apr.25, 2001).
AFFIRMED.
DELL and GUNTHER, JJ., concur.