841 So.2d 582 (2003)
Stacii LEWIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2276.
District Court of Appeal of Florida, Third District.
March 26, 2003.
Bennett H. Brummer, Public Defender, and Andrew M. Teschner, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Paulette R. Taylor and Roberta G. Mandel, Assistant Attorneys General, for appellee.
Before SCHWARTZ, C.J., and COPE and WELLS, JJ.
COPE, J.
Stacii Lewis appeals his convictions for second degree felony murder, armed robbery, armed burglary, and possession of a firearm while engaged in a criminal offense. We affirm.
*583 Defendant-appellant Lewis requests a new trial, claiming there was improper contact with the jury in answering a request for examination of an item of evidence. The trial court after an inquiry found no prejudice to the defense. There was no defense objection to the steps taken by the trial court, nor was there request for a mistrial. We therefore reject this claim on authority of Thomas v. State, 730 So.2d 667, 668 (Fla.1998).
Second, the defendant argues that his burglary conviction must be reversed on authority of Delgado v. State, 776 So.2d 233 (Fla.2000). We reject this argument.
The defendant and a codefendant robbed a Burger King fast food restaurant during business hours. The witnesses testified that the defendant and codefendant jumped over the counter. The defendant ordered employees to open the cash registers at the counter and he took the money. The codefendant directed the store manager through the kitchen to the office at the back of the store, required him to open the office safe, and took the money and the manager's watch.[1]
The defendant argues on appeal that the Burger King was open to the public and that the record is devoid of evidence that would support a burglary conviction. The defendant did not move for judgment of acquittal on this point in the trial court but asks us to reach the issue as a matter of fundamental error. See Vance v. State, 472 So.2d 734, 735 (Fla.1985); Troedel v. State, 462 So.2d 392, 398 (Fla.1984); Stanford v. State, 833 So.2d 174, 176 (Fla. 3d DCA 2002). The defendant's argument is incorrect.
It is true that "consensual entry is an affirmative defense to the charge of burglary...." Delgado, 776 So.2d at 240 (citation omitted).[2] The defendant and codefendant initially made entry into the Burger King restaurant through the regular customer doors during business hours. So long as the defendant and codefendant remained in the public area of the restaurant, no burglary had been committed.
The situation changed when the defendant and co-defendant jumped over the counter into an area of the restaurant which was not open to the public. When an individual proceeds from the public area of a business into a nonpublic area with the intent to commit a crime therein, a burglary is committed. Thomas v. State, 742 So.2d 326, 327 (Fla. 3d DCA 1999); Dakes v. State, 545 So.2d 939, 940 (Fla. 3d DCA 1989).
Thus, a burglary occurred when the defendant and codefendant jumped over the counter in order to take the money from the cash registers. Even if that were not so, the entry into the manager's office in order to take the money in the safe amounted to a burglary.
With regard to jumping over the counter, the defendant hypothesizes that possibly in this particular Burger King, the area behind the counter was open to the public. Of course if that were true, the defendant and codefendant would have had no need to jump over the counter. That aside, the short answer is that under Delgado, the issue of consensual entry is (as already stated) "an affirmative defense to the charge of burglary and therefore the burden is on the defendant to establish that there was consent to enter." Delgado, 776 So.2d at 240 (citation omitted; emphasis added). If the defendant wished to establish that the area behind the Burger King counter was open to the *584 public, it was his burden to do so. The burglary conviction is amply supported by the evidence.
We strike Count VI, possession of a firearm while committing a criminal offense. The defendant was charged with committing this crime in conjunction with committing the offenses of armed burglary and armed robbery (Counts II-IV). Since Count VI is subsumed within Counts II-IV, we strike it. See § 775.021(4)(b)3., Fla. Stat. (1995).
Affirmed as modified.
NOTES
[1] The manager thereafter shot the codefendant, killing him.
[2] The crime date was December 11, 1996.