937 So.2d 144 (2006)
Jorge Lorenzo CUETO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1257.
District Court of Appeal of Florida, Third District.
June 14, 2006.
Rehearing and Rehearing Denied September 20, 2006.
*145 Dunlap & Silvers and Marcia J. Silvers, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before FLETCHER and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied September 20, 2006.
SHEPHERD, J.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. On appeal from a summary denial, this court must reverse unless the postconviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
Defendant was convicted of seven crimes based on events that occurred on October 5, 1999, where defendant, Jorge Lorenzo Cueto, and a co-defendant allegedly stole a vehicle. Defendant then drove to a restaurant and robbed at least one customer. Defendant then proceeded to a hotel and robbed the hotel clerk and a hotel guest.
Defendant raises eleven points of ineffective assistance of counsel, one of which might have merit. During trial, defense counsel conceded that defendant was guilty of armed burglary without assault or battery when defendant entered the hotel and robbed the hotel clerk and guest. The evidence, however, was legally insufficient to support a conviction for burglary because it is indisputable on the record that the premises entered during the robbery was in an area of the hotel that was open to the public. See Miller v. State, 733 So.2d 955, 957 (Fla.1998)(holding "that if a defendant can establish that the premises were open to the public, then this is a *146 complete defense [to the crime of burglary]."); cf. Johnson v. State, 786 So.2d 1162, 1163 (Fla.2001)(affirming Miller but permitting prosecution for defendant's un-permitted entry into a non-public portion of a convenience store). Defendant raised this point on direct appeal despite the fact that for obvious reasons the error was not preserved. The State responded that the argument was waived. On that basis, we affirmed. Cueto v. State, 840 So.2d 246 (Fla. 3d DCA 2003).
The State now argues that defendant is precluded from raising the point pursuant to an ineffective assistance claim because this issue was considered on direct appeal. See Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995). Such an argument, if accepted, would procedurally bar defendant from raising a potentially meritorious claim of ineffective assistance of counsel precisely because appellate counsel identified a significant error by trial counsel and attempted to remedy it on the merits. The law abhors such a circular result. See State v. McBride, 848 So.2d 287, 292 (Fla. 2003)("res judicata will not be invoked where it would defeat the ends of justice").
The State additionally contends that defendant cannot show prejudice because the quality and quantity of the physical and testimonial evidence established that any error regarding the convictions was harmless beyond a reasonable doubt. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While the evidence does indicate that potential errors regarding defendant's robbery and petit theft charges were harmless, such is not the case for the charge of burglary without assault or battery.
Because the record now before us fails to conclusively establish that defendant is not entitled to relief, we reverse the order and remand for an evidentiary hearing or for the attachment of record excerpts conclusively establishing that defendant is not entitled to relief.
Reversed and remanded for further proceedings.