979 So.2d 1113 (2008)
Jorge Lorenzo CUETO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1575.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Marcia J. Silvers, Miami, for appellant.
Bill McCollum, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. In an appeal from a summary denial, this Court must reverse unless the postconviction record conclusively shows that the appellant is not entitled to relief.
Jorge Lorenzo Cueto ("Defendant") was charged by information with seven separate crimes, which occurred at different locations on October 5, 1999. Defendant was charged with grand theft auto, attempted robbery at a market, burglary with assault or battery while armed, and two counts of robbery at the Comfort Inn and Suites. Defendant also was charged with one count of battery on a law enforcement officer and one count of resisting arrest with violence.
Testimony at trial revealed that on October 5, 1999, Lorena Cipriani was working at the front desk of a Comfort Inn and Suites when a man wearing a mask and holding a gun jumped over the counter of the reception desk and demanded money. After taking the money from the cash *1114 register, the masked man took Ms. Cipriani into a back room where a safe was located. Ms. Cipriani was unable to open the safe as only the manager had the combination. The masked man and Ms. Cipriani then returned to the reception desk area. At that time, another patron of the hotel entered the lobby. The masked man jumped back onto the lobby side of the counter and demanded money from the patron. After taking the patron's money and wallet, the masked man fled the premises through the front door. The entire episode was caught on the hotel's security video. The police were called and Defendant and his codefendant were apprehended later that night.
At trial, Defendant was convicted of petit theft as a lesser included offense, armed burglary without an assault or battery, robbery as charged, battery on a law enforcement officer, and resisting an officer with violence. Defendant appealed his convictions and this Court affirmed. Cueto v. State, 840 So.2d 246 (Fla. 3d DCA 2003).
On March 19, 2004, Defendant filed a timely motion for postconviction relief alleging eleven claims of ineffective assistance of counsel. The trial court denied the motion without an evidentiary hearing, and Defendant appealed.
This Court issued an opinion stating that during trial, defense counsel conceded that Defendant was guilty of armed burglary without assault or battery when Defendant entered the hotel and robbed the hotel clerk and guest. This Court found the evidence insufficient to support a conviction for burglary "because it is indisputable on the record that the premises entered during the robbery was in an area of the hotel that was open to the public." The only claim this Court found to have merit was whether Defendant's counsel was ineffective for failing to move for a judgment of acquittal on the burglary count. Defendant argued that because Comfort Inn and Suites was "open to the public," he could not have been found guilty of burglary. Thus, his trial counsel had been ineffective not only in conceding that a burglary had occurred but also in failing to move for a judgment of acquittal based on that same legal argument. This Court rejected the State's arguments because the trial court had summarily denied the motion without explanation or attachment of record support.
Accordingly, this Court reversed the denial of Defendant's motion for postconviction relief and remanded, specifically directing the trial court either to conduct an evidentiary hearing on the issue of defense counsel's failure to request a judgment of acquittal or to attach those portions of the record conclusively refuting Defendant's claim. Cueto v. State, 937 So.2d 144 (Fla. 3d DCA 2006).
The trial court subsequently issued an order again denying Defendant's motion for postconviction relief without holding an evidentiary hearing. The trial court's order stated that after reviewing the trial transcript, specifically the testimony of Ms. Cipriani, and the State's response to the motion for postconviction relief, there was sufficient evidence to support the burglary conviction. The trial court failed to attach a copy of the transcript or cite to any page on which it relied. Defendant appeals that order.
Defendant contends that the trial court erred because it did not comply with this Court's directive to either conduct an evidentiary hearing or attach record excerpts conclusively establishing that Defendant is not entitled to relief. The State asserts that although the trial court did not exactly follow this Court's order, the trial court did make reference to the specific testimony it relied on in reaching its decision and *1115 that that evidence was sufficient to support the burglary conviction. Therefore, even if defense counsel had asked for a judgment of acquittal, such motion would have been denied. For this Court to analyze these claims, the State had to move for an order retransmitting the record in the case or alternatively for this Court to take judicial notice of the State's answer brief. The motion to re-transmit the record was granted and all nineteen volumes of the record were received by this Court. Once received, we combed the transcripts to locate Cipriani's testimony.
A considerable amount of time and trouble would have been saved had the trial court followed this Court's directive and attached the testimony it relied on in making its determination. The trial court should have provided us with the specific testimony it relied upon to deny the motion. However, after reviewing the record on appeal and taking judicial notice of various documents involved in the case, we find sufficient evidence to support the burglary conviction.
In Miller v. State, 733 So.2d 955 (Fla. 1999), the Florida Supreme Court stated that if a defendant can establish that the premises he entered were open to the public, this is a complete defense to the charge of burglary. However, the Florida Supreme Court later held in Johnson v. State, 786 So.2d 1162 (Fla.2001), that a defendant could be found guilty of burglary if "he or she entered into or remained in area of the premises which he or she knew or should have known were not open to the public." Id. at 1164. Specifically, in Johnson, the defendant was found guilty of burglary even though he was in a store that was open to the public because he went into an area behind the check out counter that was not open to the public. The question of whether an area is open to the public is a question of fact for the jury. Id.
For a defendant to be successful on a motion for post-conviction relief based on ineffective assistance of counsel, the defendant must meet the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, the defendant must show: (1) deficient performance by proving that counsel's representation fell below objective standards of reasonableness, and (2) prejudice by proving that there is a reasonably probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Id. at 687, 104 S.Ct. 2052.
The area behind a sales counter is not an area open to the public. Lewis v. State, 841 So.2d 582, 583 (Fla. 3d DCA 2003). To overcome this presumption, a defendant has the burden of proving that he had received permission or consent to be in the area that was not otherwise open to the public. Id. at 583-84.
We agree with the trial court that Ms. Cipriani's testimony was sufficient to infer not only that there was no consent to enter the area behind the counter at the Comfort Suites, but also that the area was not open to the public. Consequently, if Defendant's counsel had asked for or preserved a motion for judgment of acquittal on this point, the motion would have been properly denied because the evidence was sufficient to present a question for the jury. Therefore, even with defense counsel's failure to request a judgment of acquittal, the outcome of the trial would have been exactly the same, thus failing to meet the prejudice standard of deficient performance under Strickland. We agree.
Based on the aforementioned reasons, we find there is sufficient evidence that a burglary had been committed, or at least sufficient evidence to submit to the jury *1116 the question of whether the area burglarized was open to the public. A motion for judgment of acquittal, therefore, would have been denied, and defense counsel's failure to request it did not prejudice Defendant.
Accordingly, we affirm the trial court's decision below denying Defendant's motion for postconviction relief based on ineffective assistance of counsel.