KLEIN, J.
Appellant was lawfully in an open convenience store, but then went into an “employees only,” room and took $400. His conviction for burglary of a structure was enhanced to a second degree felony because the structure was occupied. He argues that, because the employees only room was not occupied, the enhancement was error. We agree, because our burglary statute, in light of case law, is unclear as to what is an occupied structure under these facts.
Under our burglary statute, section 810.02(l)(b), entering a structure with the intent to commit an offense therein is a burglary, “unless the premises are at the time open to the public or the defendant is licensed or invited to enter.” The Florida Supreme Court has carved out an exception to this defense, which is not in the statute, holding that a person in a store, who enters an area of the store not open to the public, is guilty of a burglary. Johnson v. State, 786 So.2d 1162 (Fla.2001), adopting the holding of Dakes v. State, 545 So.2d 939 (Fla. 3d DCA 1989). The court also promulgated an amendment to the burglary jury instruction as follows:
A person may be guilty of this offense if he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public.
Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 90 (Fla.1997).
Because this store was open to the public at the time appellant entered, this would not have been a burglary if he had taken the money from that portion of the store which was accessible to the public. Appellant recognizes, however, that once he entered the room which was not accessible to the public, the offense became a burglary under Johnson. He argues only that his conviction for burglary of an occupied structure, see section 810.02(3)(c), should be reduced to burglary of an unoccupied structure. See § 810.02(4)(a).
Dakes, 545 So.2d 939, is on all fours factually, in that the defendant was in a retail store open for business, but then committed a theft from a storeroom, which was not open to the public, and was unoccupied. He was convicted of burglary of an occupied structure. The court affirmed the conviction for burglary, because the closed storeroom was not open to the public. The trial court had classified the crime, for sentencing, as burglary of an unoccupied dwelling, a second degree felony as compared to burglary of an unoccupied structure, which was a third degree felony. The court reversed for the sentence to be corrected to reflect that the burglary was of an unoccupied structure, but did not explain why it converted the conviction for burglary of an occupied structure to burglary of an unoccupied structure. Apparently the court decided that this issue hinged on whether the storeroom within the retail store was occupied; however, that is difficult to reconcile with the definition of structure in the burglary statute:
(1) “Structure” means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof....
§ 810.11(1)
Dakes was the first case to address the issue of whether a theft in a space not open to the public could constitute a burglary in an open retail store. After Dakes, and contrary to Dakes, the Florida Supreme Court, in State v. Laster, 735 So.2d 481 (Fla.1999), reiterated its prior holding in Miller v. State, 733 So.2d 955 (Fla.1998), that “if a defendant can establish that the premises were open to the public, then this *1127 is a complete defense to the charge of burglary. We do not find any merit to the State’s argument in this case that the area behind the counter was not open to the public.”
The holding of Laster, however, was short lived, because two years later, the Florida Supreme Court held in Johnson, 786 So.2d 1162, that a person in a convenience store open to the public, who steals something from behind the counter, is guilty of burglary of a structure. The Johnson court cited Dakes with approval, but did not have to address the occupied/unoccupied problem. In Knight v. State, 983 So.2d 64 (Fla. 3d DCA 2008), the third district held, under facts indistinguishable from Dakes (and the present case) that the conviction of burglary of an occupied structure must be reduced to burglary of an unoccupied structure.
In addition to relying on Dakes and Knight, appellant also cites cases from other jurisdictions which turn on whether the nonpublic area of a store is occupied. However, the burglary statutes in those eases are different. They actually define a burglary as occurring upon entry of a “building (or any portion of a building) not then open to the public, with intent to commit....” Tex. Penal Code § 30.02(a)(1); De Albuquerque v. State, 712 S.W.2d 809 (Tex.App. Houston 1st Dist.1986). The Texas statute is similar to the Model Penal Code, section 221.1, which defines burglary as the entering of a “building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public ...” Because, as we emphasized earlier, the Florida definition of structure is narrower, these cases are not persuasive.
Assuming Knight and Dakes turn on whether the nonpublic space within the structure is occupied, we cannot agree with that distinction, because the nonpublic space is not a structure as defined in our burglary statute. But we reach the same result. We conclude that, when the Florida Supreme Court held in Johnson that a theft in a nonpublic area of a store which is open to the public is burglary of a structure, it created an ambiguity as to whether such a crime could be burglary of an occupied structure. We accordingly agree with appellant that under section 775.021(1), Florida Statutes (2006), our lenity statute, we must interpret this ambiguity in favor of the accused. We therefore reverse for resentencing for burglary of an unoccupied structure.
SHAHOOD, C.J. and DAMOORGIAN, J., concur.