DAMOORGIAN, J.
Defendant, Nathaniel Colbert, III, appeals his conviction and sentence for robbery with a deadly weapon, armed burglary, leaving the scene of an accident with damages, attempted carjacking with a deadly weapon, carjacking with a deadly weapon, kidnapping with intent to commit or facilitate robbery and/or burglary, and kidnapping of a child thirteen years of age or younger. We reverse Defendant’s convictions for burglary and leaving the scene of an accident with damages, and affirm his convictions and sentences on all other counts.
This case arises from a series of criminal acts beginning with a robbery at a retail store. Defendant walked into the store, during business hours, with a shirt covering his face and holding a hammer. Defendant walked to the front panel of a jewelry counter, smashed the side glass panel facing him, grabbed some jewelry and exited the store. The jewelry counter, *821 as it appeared in the surveillance video, was configured in a square with an opening to permit employees behind the counter. The counter had four sides. The front and top sides were glass, while the back and bottom sides were made of a solid material, most probably wood. The customer could see the jewelry from the front and top. The back side of the counter had locked doors and was on the side where only employees were permitted. The public was not permitted behind the counter and did not have access to the interior of the case. The exterior area surrounding the counter was open to the public.
Upon fleeing from the store, Defendant entered a truck located in the parking lot and began driving in reverse. The truck collided with a parked car. No one was in the parked car at the time of the collision. Defendant abandoned the truck, walked to a fast-food restaurant, and forced his way into a vehicle, which was in the restaurant’s drive-thru line. The vehicle was occupied by a woman and her two children. After a brief altercation with the driver, Defendant drove the vehicle away with the woman and her children in the back seat of the vehicle. Defendant drove the vehicle and its occupants for approximately 80 to 45 minutes before abandoning the vehicle and its occupants in Belle Glade.
At trial, Defendant moved for a judgment of acquittal on the burglary charge, arguing that a burglary could not have occurred since the store, including the area where the jewelry case was located, was open to the public at the time of the robbery. The State argued that the interior of the jewelry case was not open to the public area. Therefore, the Defendant entered into an area not open to the public when, after breaking the front side glass, he inserted his hand into the jewelry case. The trial court denied the motion for judgment of acquittal.
A trial court’s denial of a motion for judgment of acquittal is reviewed de novo. See Dumais v. State, 40 So.3d 850, 852 (Fla. 4th DCA 2010) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). A conviction will generally be upheld if supported by competent, substantial evidence. Id. (citing Pagan, 830 So.2d at 803). We hold that the evidence is insufficient in the present case to sustain the burglary conviction.
Section 810.02(l)(b)l., Florida Statutes (2006), defines burglary as: “Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter.... ” “[I]f a defendant can establish that the premises were open to the public, then this is a complete defense” to burglary. Miller v. State, 733 So.2d 955, 957 (Fla.1998).
The Florida Supreme Court most recently examined the “open to the public” defense in Johnson v. State, 786 So.2d 1162 (Fla.2001). In that case, Steve Johnson and his co-defendant entered a convenience store with the intent to rob the store. Id. at 1162 (citing Johnson v. State, 737 So.2d 555, 556 (Fla. 1st DCA 1999)). Johnson followed one of the store owners behind the check-out counter where the cash register was located. Id. (citing Johnson, 737 So.2d at 556). A struggle ensued between the perpetrators and the store owners resulting in the co-defendant and one of the owners being shot. Id. at 1162-63 (citing Johnson, 737 So.2d at 556). On appeal, Johnson argued that his conviction for causing bodily injury during the commission of a felony could not stand because the State failed to establish an essential element of the crime, i.e., burglary. Id. at 1163. Johnson asserted that, *822 because the convenience store was open to the public when he entered, he did not commit burglary, as defined under section 810.02(l)(b)l., by walking behind the counter where the cash register was located, even after being told by the store owner that he was not permitted to do so. Id. Johnson reasoned that, since the structure which he entered was open to the public, an open space within the public area cannot be parsed out in order to meet the definition of burglary. See id. Ultimately, the Florida Supreme Court concluded that, while the store was open to the public, whether the area behind the counter was open to the public was a question for the jury. Id. at 1164.
In the present case, Defendant established that the store was open to the public. In direct contrast to the defendant in Johnson, who walked behind the checkout counter, Defendant did not walk into an area of the store that was not open to the public. Defendant stood in the same place that customers stand to view the contents of the jewelry case. He then broke the glass panel facing him, reached in, and grabbed several pieces of jewelry. The State’s argument that Defendant’s actions transformed into a burglary when he accessed the interior of the jewelry case, while standing in an area clearly open to the public, simply takes the burglary statute too far. Moreover, the State’s reliance on Johnson is misplaced. We read Johnson to apply only where there is a factual dispute as to whether the area in question is open to the public.
There is no disputed fact that the area where Defendant was standing when he broke the side glass panel was open to the public. Moreover, we find no support in the State’s argument that Defendant’s subsequent act of placing his hand inside the jewelry counter, while standing in an area open to the public, constitutes “[e]n-tering a dwelling, a structure, or a conveyance” as required by the burglary statute. Cf. Collett v. State, 676 So.2d 1046, 1047 (Fla. 1st DCA 1996) (reversing burglary conviction for theft of coins from a vending machine located in a motel alcove where alcove itself was open to the public). Accordingly, under the undisputed facts of this case, Defendant cannot be convicted of burglary. See Miller, 733 So.2d at 957.
Turning to Defendant’s conviction for leaving the scene of an accident, Defendant was charged with violating section 316.061(1), Florida Statutes (2006). Defendant argues that his conviction cannot be sustained because the vehicle he struck was not being driven or attended by any person. This issue was not preserved for review. However, a conviction for a crime for which the evidence is insufficient constitutes fundamental error. See F.B. v. State, 852 So.2d 226, 230-31 (Fla.2003).
Section 316.061(1) prohibits leaving the scene of a crash causing damage to a vehicle or other property, when such vehicle or property is “driven or attended by any person.” § 316.061(1), Fla. Stat. Defendant’s truck collided with a parked car. The State presented evidence that the car’s owner parked the car directly in front of the garage where the owner worked. However, the owner was not in or near the vehicle at the time of the crash. Sometime after the crash, the owner’s employee called the owner to advise him that his vehicle had been struck. The State argues that these facts establish that the vehicle was attended for purposes of the statute.
We disagree. The plain meaning of the word “attended” means to be present.[1] Neither the owner nor someone in possession was present when the crash *823 occurred. The broad interpretation suggested by the State would require anyone involved in a crash with a parked car to investigate the surrounding areas in search of someone who can be considered “attending” the vehicle. In situations such as the present case, where the owner parked his car and then completely deserted the area, finding an appropriate person to leave information with could be difficult or impossible. See Vrchota, Corp. v. Kelly, 42 So.3d 319, 322 (Fla. 4th DCA 2010) (“The legislature is not presumed to enact statutes that provide for absurd results.”).
Further evidence of legislative intent comes from the fact that section 316.063(1), Florida Statutes (2006), addresses crashes with “unattended” vehicles. In such instances, the legislature does not require the vehicle’s owner to be tracked down, but provides the alternative of leaving a note. If the legislature intended for collisions with unattended parked cars to be covered under the attended vehicles provision in section 316.061(1), then enactment of the unattended vehicles statute would have been unnecessary. As such, the evidence is insufficient to establish the “driven or attended” element of section 316.061(1), and Defendant’s conviction for leaving the scene of an accident constitutes fundamental error.
We, therefore, reverse Defendant’s convictions for burglary and leaving the scene of an accident, and affirm Defendant’s convictions and sentences for the remaining charges.

Affirmed in part; Reversed in part.

GROSS, C.J., and FARMER, J., concur.

. Merriam-Webster Online Dictionary (Nov. 01, 2010), http://www.merriam-webster.com.