PER CURIAM.
Appellant, Willie Dan Roberts, seeks review of the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant was convicted of burglary of an occupied structure and grand theft. The basis for the burglary conviction was that Appellant broke a window display case from the outside of a jewelry store while the store was open for business and was occupied by the store owner. In his motion, Appellant alleged that his trial counsel was ineffective for failing to preserve the issue of whether the area burglarized by Appellant was an occupied structure. Appellant argued that the display case, and not the jewelry store, was the relevant “structure,” which must have been occupied at the time of the burglary to support his conviction. The trial court summarily denied Appellant’s motion, finding that the display case was too small to be occupied or unoccupied and that Appellant’s counsel would never have made that argument. We find that the trial court erred in determining that counsel would never make the proposed argument.
Appellant alleged that defense counsel moved for judgment of acquittal on the burglary charge on the basis that the business was open to the public; thus, Appellant could not be guilty of burglary of an occupied structure. See § 810.02(l)(b), Fla. Stat. (2007) (defining burglary as “entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public....”). Appellant also alleged that the State argued in rebuttal that the display case itself was not open to the public and that the trial court denied the original motion. Thus, contrary to the postconviction court’s assertion, it would have been reasonable for defense counsel to argue that the display case was not open to the public. See Knight v. State, 983 So.2d 64, 64 (Fla. 3d DCA 2008); Davis v. State, 988 So.2d 1125, 1126; Dakes v. State, 545 So.2d 939, 940 (Fla. 3d DCA 1989); see also Colbert v. State, 49 So.3d 819, 821-22 (Fla. 4th DCA 2010); Collett v. State, 676 So.2d 1046, 1047 (Fla. 1st DCA 1996). Accordingly, we reverse the trial court’s summary denial of Appellant’s postconviction motion, and remand *879 for either attachment of those portions of the record conclusively showing that Appellant is entitled to no relief, or for an evidentiary hearing.
REVERSED AND REMANDED.
WOLF, DAVIS, and PADOVANO, JJ., concur.