IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PHILIP GABRIEL CAPPELLO,

      Appellant,

 v.                            Case No.  5D15-1977

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 9, 2016

Appeal from the Circuit Court
for Orange County,
Timothy R. Shea, Judge.

James S. Purdy, Public Defender, and
Matthew Funderburk, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona
Beach, for Appellee.

ORFINGER, J.

Philip Cappello appeals his conviction and sentence for burglary of a structure with an assault and a weapon. Cappello contends that the trial court erred when it denied his motion for judgment of acquittal because the 7-Eleven he robbed was open to the public, and he did not enter an area that was off limits to patrons. We agree and reverse.

Cappello was charged with burglary of a structure with an assault and a weapon, and robbery with a weapon and a mask after entering a 7-Eleven store and demanding money from a store employee, Rehan Baig, at gunpoint.[1] Baig was working at the cash register when a person, later identified as Cappello, entered the store wearing a mask. Cappello pointed a gun at Baig and demanded money from the cash registers. The store's security system recorded the entire episode, which was played for the jurors. The video recording showed Cappello entering the store and pointing a gun directly at Baig, who then opened the first cash register and gave Cappello the cash inside. Baig then opened the second cash register and placed the cash register tray on the counter. Cappello took the cash from the tray on the counter and fled the store while Baig called the police. Cappello was apprehended shortly thereafter.

After the State rested, Cappello moved for a judgment of acquittal on the burglary count. He argued that the State failed to prove that he entered an area of the store that was not open to the public. The trial court denied the motion and Cappello was convicted as charged.

A trial court's denial of a motion for judgment of acquittal is reviewed de novo for the sole purpose of determining whether the evidence is legally sufficient. Durousseau v. State, 55 So. 3d 543, 556 (Fla. 2010). In moving for a judgment of acquittal, a defendant "admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." Beasley v. State, 774 So. 2d 649, 657 (Fla. 2000) (quoting

---

[1] We affirm Cappello's conviction and sentence of robbery with a weapon and mask without comment.

Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974)). "Whether to grant a motion for judgment of acquittal hinges on the sufficiency of the evidence presented at trial and what factual findings the jury could 'fairly and reasonably infer' from that evidence." Grohs v. State, 944 So. 2d 450, 456 (Fla. 4th DCA 2006).

In relevant part, section 810.02(1)(b)1., Florida Statutes (2015), defines burglary as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public . . . ." "[I]f a defendant can establish that the premises were open to the public, then this is a *complete* defense" to a charge of burglary. Miller v. State, 733 So. 2d 955, 957 (Fla. 1998). However, a defendant can be found guilty of burglary if "he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public." Johnson v. State, 786 So. 2d 1162, 1164 (Fla. 2001) (affirming burglary conviction of defendant who entered area of convenience store behind counter not open to public).

Generally, determining whether an area is open to the public is a question of fact for the jury to decide. Id. However, in some cases, the courts have recognized that the trial court is obligated to grant a motion for judgment of acquittal if there is no evidence that would allow a reasonable person to conclude that a particular area was not open to the public. See, e.g., Mansfield v. State, 954 So. 2d 74, 76 (Fla. 4th DCA 2007); Savage v. State, 832 So. 2d 807, 809 (Fla. 2d DCA 2002).

Here, the 7-Eleven was clearly open for business, and, thus, open to the public. Consequently, the only issue we consider is whether Cappello entered an area of the store off limits to patrons, which would constitute a burglary. Unlike the defendant in Johnson, who walked behind the check-out counter, Cappello did not enter any area of

the store that was not open to the public. He stood in the same place that customers stand to purchase items from the convenience store and demanded the money from the cash registers. Contrary to the State's assertion, Cappello never "reache[d] over the counter" into any area that was not open to the public. Cappello also never reached into the actual cash register, which would have constituted a burglary, as it is located in an area, which is not open to the public. Instead, the video recording clearly shows that the store clerk opened the first register and handed Cappello the cash from inside. The employee then opened the second register and placed the tray from the cash register on the sales counter. Cappello then took the money from the tray that was on the sales counter, an area that is open to the public.

The State's reliance on Fine v. State, 758 So. 2d 1246 (Fla. 5th DCA 2000), is misplaced. In Fine, the defendant was charged with burglary after he drove up to a fast food drive-thru window, leaned through the window and grabbed money from the cash drawer. In rejecting Fine's argument that no burglary was committed because the drive-thru window was open to the public, we held that by reaching into the interior of the store window and grabbing money, Fine was in a part of the restaurant not accessible to the public. 758 So. 2d at 1247. Unlike Fine, Cappello never entered or reached into any part of the store off limits to the public.

Still, the State insists that the orientation of the cash register tray is dispositive of the case. According to the State, the cash register faced the "employee side of the counter, which was not open to the public, thus rendering the register and its contents as *not* open to the public." This argument takes the burglary statute too far. There is no support in the State's argument that Cappello's subsequent act of taking the cash from

4

the tray placed in front of him on the sales counter, while standing in an area open to the public, constitutes "[e]ntering a dwelling, a structure, or a conveyance" as required by the burglary statute. Cf. Colbert v. State, 49 So. 3d 819, 822 (Fla. 4th DCA 2010) (reversing burglary conviction for taking jewelry after breaking side glass panel of jewelry counter open to public and then placing hand inside jewelry counter while standing in area open to public).

Burglary is a crime against property. Section 810.02(1) specifically exempts from its purview premises that are open to the public at the time the offense is committed. See Dakes v. State, 545 So. 2d 939, 940 (Fla. 3d DCA 1989). It is only "[w]hen an individual proceeds from the public area of a business into a nonpublic area with the intent to commit a crime therein, [that] a burglary is committed." Lewis v. State, 841 So. 2d 582, 583 (Fla. 3d DCA 2003) (citing Thomas v. State, 742 So. 2d 326, 327 (Fla. 3d DCA 1999); Dakes, 545 So. 2d at 940). This is why, for example, a defendant who robbed a pharmacy by taking money that a store clerk handed to him from the cash register could not also be convicted of burglary, where it was undisputed that the pharmacy was open to the public, and there was no evidence that the defendant was in a restricted area of the pharmacy. Ducas v. State, 84 So. 3d 1212, 1214, 1218-19 (Fla. 3d DCA 2012).

Since it is undisputed that the convenience store was open to the public and there was no evidence presented that Cappello entered or reached into a restricted area of the store when he committed the robbery, he was entitled to the complete defense to burglary afforded by section 810.02(1)(b)1. The trial court should have granted his motion for judgment of acquittal as to the burglary charge. We reverse Cappello's conviction for burglary, but affirm his conviction on the robbery count.

5

AFFIRMED IN PART; REVERSED IN PART.

BERGER and LAMBERT, JJ., concur.