# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-1973

_____

STEVE LAMONT JOHNSON,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Angela M. Cox, Judge.

September 14, 2020

PER CURIAM.

Appellant challenges the trial court's denial of his motion to correct an illegal sentence filed under rule 3.800(a), Florida Rules of Criminal Procedure.  In the motion, Appellant alleged that his life sentence for attempted armed robbery while wearing a mask was illegal under the applicable 1995 statutes or that the applicable 1995 statutes were unconstitutional as violative of the single-subject requirement in the Florida Constitution.  He therefore sought resentencing for that count claiming that his sentence should have only been enhanced rather than reclassified.  Because Appellant is collaterally estopped from re-raising this claim and there is no manifest injustice to prevent the application of collateral estoppel, we affirm.

In August 1997, the State charged Appellant with attempted robbery with a firearm while wearing a mask (count I), attempted second degree murder with a firearm (count II), and causing bodily injury during commission of a felony (count III), for actions allegedly committed on March 7, 1997.  In November 1997, a jury convicted Appellant on all counts and as to count I made findings that Appellant possessed a firearm and wore a mask during the attempted robbery.

At sentencing, the trial court reclassified count I from a second-degree felony to a first-degree felony due to Appellant's wearing of a mask.  On count I, Appellant was sentenced to life in prison without eligibility for release for 15 years as a Habitual Violent Felony Offender (HVFO).  *See* § 775.084(4)(b), Fla. Stat. (1995).  On count II, he was sentenced as a HVFO to 30 years in prison without eligibility for release for 10 years.  On count III, he was sentenced as a HVFO to life in prison without the eligibility for release for 15 years.  All the sentences were to run concurrently. We affirmed his convictions and sentences in *Johnson v. State*, 737 So. 2d 555 (Fla. 1st DCA 1999).  Our decision was then approved in *Johnson v. State*, 786 So. 2d 1162 (Fla. 2001).

In July 2002, Appellant filed a timely amended motion for postconviction relief.  In ground 10 of that motion, Appellant argued that count I, attempted armed robbery while wearing a mask, was a second-degree felony, but the trial court had improperly reclassified the crime as a first-degree felony. Appellant argued that section 775.0845, Florida Statutes (1995), provided for enhancement not reclassification of the offense. Appellant further argued that as a HFVO, thirty years in prison was the maximum lawful sentence for count I.

After evidentiary hearings on other grounds in Appellant's amended motion, the trial court denied the motion in February 2008.  Appellant challenged two of the grounds of the trial court's ruling on appeal but did not challenge the sentencing issue.  We again affirmed.  *Johnson v. State*, 4 So. 3d 1225 (Fla. 1st DCA 2009).

In March 2019, Appellant filed a motion under rule 3.800(a), in which he again claimed that his sentence on count I was illegal.

Appellant claimed that 1995 version of section 775.0845 applied and that under this statute his sentence for count I was improperly reclassified rather than enhanced. Appellant pointed to the title to section 775.0845, Florida Statutes (1995), which states, "[w]earing mask while committing offense; enhanced penalties." Appellant also claimed that the 1995 amendments to section 775.0845, contained in chapter 95-184, Laws of Florida, was unconstitutional as a violation of the single-subject rule in article III, section 6 of the Florida Constitution. *See Heggs v. State*, 759 So. 2d 620 (Fla. 2000). Appellant sought to be resentenced under an earlier version of the statute that he claimed provided for enhancement rather than reclassification of sentence. *See* § 775.0845, Fla. Stat. (1994). The trial court denied relief, and Appellant brought this appeal.

Res judicata does not bar a successive motion under rule 3.800. *State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003). But collateral estoppel is a narrower doctrine. *Id.* "Collateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same issues that have already been decided." *Id.* (quoting *Dep't of Health & Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 910 (Fla. 1995)). Collateral estoppel applies in postconviction proceedings and precludes a party from rearguing "the same issue argued in a prior motion" unless a manifest injustice would occur. *Id.* at 291; *see also Jenkins v. State*, 749 So. 2d 527 (Fla. 1st DCA 1999).

Appellant's argument here, that his sentence for count I was improperly reclassified rather than enhanced, was made in his unsuccessful 2002 motion for postconviction relief. Therefore, collateral estoppel applies. Since collateral estoppel applies, we must consider "whether manifest injustice would prohibit application of that doctrine." *McBride*, 848 So. 2d at 291.

The Florida Supreme Court in *McBride*, refused to find a manifest injustice "because the defendant was serving a concurrent legal sentence of the same length for another charge." *Martinez v. State*, 216 So. 3d 734, 739 (Fla. 4th DCA 2017) (en banc). Here, Appellant is serving an identical, lawful, concurrent sentence for count III. Accordingly, under *McBride*, application of collateral estoppel to Appellant's successive, identical claim does

not result in a manifest injustice. *See also Eason v. State*, 932 So. 2d 465, 467 (Fla. 1st DCA 2006) (holding that there is no manifest injustice so as to prevent the application of collateral estoppel if "the defendant's total prison time would not be reduced if the illegal sentence was corrected" since the defendant was serving a legal concurrent sentence).

AFFIRMED.

B.L. THOMAS, OSTERHAUS, and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Steve Lamont Johnson, pro se, Appellant.

Ashley Moody, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.